William J. Leone, admitted *pro hac vice*
FULBRIGHT & JAWORSKI LLP
Tabor Center
1200 17th Street
Denver, CO 80202-5835
Tel. No.: 303-801-2700

Richard C. Smith, admitted *pro hac vice*
Stephen M. McNabb, admitted *pro hac vice*
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, DC 20004-2623
Tel. No.: 202-662-0200

Felice B. Galant
FULBRIGHT & JAWORSKI LLP
666 Fifth Avenue
New York, NY 10103
Tel. No.: 212-318-3000

*Attorneys for Defendant Javier Martin-Artajo*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> - against - <br><br> JAVIER MARTIN-ARTAJO AND JULIEN G. GROUT, <br><br> Defendants. | No. 13 Civ. 5677 (GBD) (MD) <br><br> **DEFENDANT JAVIER MARTIN-ARTAJO'S ANSWER AND DEMAND FOR JURY TRIAL** |

Defendant Javier Martin-Artajo ("Mr. Martin-Artajo"), by and through his counsel, Fulbright & Jaworski LLP, answers the Complaint (the "Complaint") of Plaintiff Securities and Exchange Commission (the "Commission") as follows:

Mr. Martin-Artajo denies the claims and allegations in the Complaint. The purported evidence cited therein is often incompletely and misleadingly quoted and incorrectly described. The conduct attributed to Mr. Martin-Artajo is either mischaracterized or did not occur. Mr. Martin-Artajo did not execute the trades at issue in this case. Nor did he enter the specific marks at issue in this case in the Synthetic Credit Portfolio ("SCP") or other books and records of non-party JP Morgan Chase & Co. ("JP Morgan"). Mr. Martin-Artajo did not make, direct, or have authority or responsibility for, the statements made by JP Morgan in its filings with the Commission or to the public regarding the matters alleged. In addition, Mr. Martin-Artajo was not responsible for JP Morgan's decisions with respect to the existence, purpose or priorities to be achieved in the SCP. Thus, Mr. Martin-Artajo has done nothing wrong and there is no basis for a claim against him.

1.     Mr. Martin-Artajo denies the allegations of paragraph 1. He states further that he was not employed as a trader, but was Head of Europe, Credit and Equity Trading at the international division of JP Morgan's Chief Investment Office ("CIO"). He oversaw the management of six portfolios, including the SCP, and approximately 39 individuals (including 34 traders) who reported directly or indirectly to Mr. Martin-Artajo within its Europe, Middle East, and Africa Division.

2.     Mr. Martin-Artajo denies the allegations of paragraph 2.

3.    Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3.  He denies the allegations in the second and third sentences of paragraph 3.

4.    Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 4.  He denies the allegations in the second, third and fourth sentences of paragraph 4.

5.    Mr. Martin-Artajo denies the allegations in the first sentence of paragraph 5.  He denies the allegations in the second and third sentences of paragraph 5, and states they do not fully, completely and accurately describe the matters discussed therein.

6.    Upon information and belief, Mr. Martin-Artajo admits the allegations in the first sentence of paragraph 6.  He denies the allegations in the second sentence of paragraph 6 to the extent such allegations refer to him.  He denies present knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 6. He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 6.  He denies the allegations in the fourth sentence of paragraph 6, and states they do not fully, completely and accurately describe the matters discussed therein.

7.    In response to paragraph 7, upon information and belief, Mr. Martin-Artajo admits that on July 13, 2012, JP Morgan announced that it would restate certain aspects of its first quarter 2012 results.  He denies the remaining allegations in paragraph 7.

## ALLEGATIONS REGARDING SECURITIES LAWS

8.     Mr. Martin-Artajo denies the allegations of paragraph 8, and denies that he violated any of the federal securities laws identified.

9.     Mr. Martin-Artajo denies the allegations of paragraph 9.

## ALLEGATIONS RELATING TO JURISDICTION AND VENUE

10.     Mr. Martin-Artajo states that the allegations of paragraph 10 purport to summarize the relief sought in the Complaint and, therefore, no response is required, but to the extent a response is required, he denies them and states that the Commission is not entitled to any of the relief sought.

11.     In response to the first sentence of paragraph 11, Mr. Martin-Artajo denies that this Court has jurisdiction over him or that venue is proper in this District.   He denies the allegations in the second and third sentences of paragraph 11.

## ALLEGATIONS RELATING TO DEFENDANTS

12.     Mr. Martin-Artajo admits that he (i) is 49 years old, (ii) a citizen of Spain, (iii) was, until recently, a resident of London, England, working in the CIO's office in London, and (iv) has, occasionally, visited the United States, including New York, on business.   He admits that from mid-2011 to July 12, 2012 he was a managing director in JP Morgan's international division, and the Head of Europe, Credit and Equity Trading in the Europe, Middle East, and Africa Division of the CIO.   He admits that the SCP was one of six portfolios he was responsible for overseeing, and states further that Bruno Iksil was head trader of the SCP.   He denies the remaining allegations in paragraph 12.

13.     In response to the first sentence of paragraph 13, upon information and belief, Mr. Martin-Artajo admits that Julien G. Grout was a Vice President in the CIO's office in London,

England, and a citizen of France.  He denies the allegations in the second sentence of paragraph 13, and states that Mr. Grout was a trader for the SCP in the Europe, Middle East, and Africa Division of the CIO, who reported directly to Mr. Iksil.  Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

## ALLEGATIONS RELATING TO OTHERS

14.    Upon information and belief, Mr. Martin-Artajo admits the allegations of paragraph 14.

15.    Upon information and belief, Mr. Martin-Artajo admits the allegations in the first sentence of paragraph 15.  He denies the allegations in the second, third, and fourth sentences of paragraph 15, and states they do not fully, completely and accurately describe the matters discussed therein.

16.    In response to paragraph 16, Mr. Martin-Artajo states, upon information and belief, that CW-1 is Mr. Iksil, the trader in the CIO who managed the investments and trades made in the SCP.

## FACTUAL ALLEGATIONS

17.    Mr. Martin-Artajo denies the allegations of paragraph 17.  He admits that the CIO established the SCP in or about 2006.  He further states that the allegations of paragraph 17 do not fully, completely and accurately describe the matters discussed therein.

18.    Mr. Martin-Artajo denies the allegations of paragraph 18, and states they do not fully, completely and accurately describe the matters discussed therein.

19.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and states they do not fully, completely and accurately describe the matters discussed therein.

20.     Mr. Martin-Artajo denies the allegations of paragraph 20, and states they do not fully, completely and accurately describe the matters discussed therein.

21.     Mr. Martin-Artajo denies the allegations of paragraph 21, and states they do not fully, completely and accurately describe the matters discussed therein.

22.     Mr. Martin-Artajo denies the allegations of paragraph 22, and states they do not fully, completely and accurately describe the matters discussed therein.

23.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24.     Upon information and belief, Mr. Martin-Artajo admits the allegations in the first sentence of paragraph 24, and states further that it was the CIO's decision to trade in a dealers market.  He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 24.

25.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.     Mr. Martin-Artajo denies the allegations of paragraph 26 to the extent such allegations refer to him, and, upon information and belief, he admits that Mr. Iksil provided information and direction to Mr. Grout for the (i) marks in the SCP and (ii) mark-to-market profit and loss reports.  He denies present knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.     Mr. Martin-Artajo denies the allegations in the first, second and third sentences of paragraph 29.  He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 29.

30.     Mr. Martin-Artajo denies the allegations of paragraph 30.

31.     Mr. Martin-Artajo denies the allegations of paragraph 31.

32.     Mr. Martin-Artajo denies the allegations in the first sentence of paragraph 32 to the extent such allegations refer to him.  He denies present knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 32. He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third and fourth sentences of paragraph 32.

33.     Mr. Martin-Artajo denies the allegations of paragraph 33.

34.     Mr. Martin-Artajo denies the allegations in the first and second sentences of paragraph 34, states they do not fully, completely and accurately describe the matters discussed therein, and respectfully refers the Court to the email referenced for its true and complete contents.  He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 34.

35.     Mr. Martin-Artajo admits the allegations in the first and second sentences of paragraph 35.  He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, fifth and sixth sentences of paragraph 35.

36.     Mr. Martin-Artajo denies the allegations of paragraph 36, states they do not fully, completely and accurately describe the matters discussed therein, and respectfully refers the Court to the email referenced for its true and complete contents.

37.     Mr. Martin-Artajo denies the allegations of paragraph 37 to the extent they refer to him.  Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37.

38.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.     Mr. Martin-Artajo denies the allegations in the first sentence of paragraph 40 to the extent such allegations refer to him.  He denies present knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 40. He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 40.  He denies the allegations in the third sentence of paragraph 40, states they do not fully, completely and accurately describe the matters discussed therein, and respectfully refers the Court to the email referenced for its true and complete contents.

41.     Mr. Martin-Artajo denies the allegations in the first sentence of paragraph 41, states they do not fully, completely and accurately describe the matters discussed therein, except admits that Mr. Iksil left Mr. Martin-Artajo a voicemail on March 20, 2012 in which Mr. Iksil stated that he planned to report a daily loss of approximately $40 million in the SCP to the CIO management, and respectfully refers the Court to the audiotape and transcript of the voicemail

referenced for its true and complete contents.  Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 41, and with respect to the third sentence, respectfully refers the Court to the document referenced for its true and complete contents, which has been selectively quoted and inaccurately described.

42.    Mr. Martin-Artajo denies the allegations of paragraph 42, states they do not fully, completely and accurately describe the matters discussed therein, and respectfully refers the Court to the audiotapes and transcripts of the calls referenced for their true and complete contents.

43.    Mr. Martin-Artajo denies the allegations of paragraph 43.

44.    Mr. Martin-Artajo denies the allegations in the first and third sentences of paragraph 44, states they do not fully, completely and accurately describe the matters discussed therein, and respectfully refers the Court to the transcripts of the conversations and document referenced for their true and complete contents.  Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the second, fourth, fifth and sixth sentences of paragraph 44.

45.    Mr. Martin-Artajo denies the allegations of paragraph 45.

46.    Mr. Martin-Artajo denies the allegations in the first sentence of paragraph 46.  He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 46.

47.    Mr. Martin-Artajo denies the allegations in paragraph 47, states they do not fully, completely and accurately describe the matters discussed therein, and respectfully refers the

Court to the emails, audiotape and transcript of the call referenced for their true and complete contents.

48.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 48.   He denies the allegations in the second and third sentences of paragraph 48.

49.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 49.   He denies the allegations in the second, third and fourth sentences of paragraph 49.

50.     Mr. Martin-Artajo denies the allegations of paragraph 50, states they do not fully, completely and accurately describe the matters discussed therein, and respectfully refers the Court to the emails referenced for their true and complete contents.

51.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 51.   He denies the allegations in the second sentence of paragraph 51 to the extent such allegations refer to him.   He denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 51.   He denies present knowledge or information sufficient to form a belief as to when in relation to the conversation discussed in the second sentence of paragraph 51 the email referenced in the third sentence of paragraph 51 was sent, but admits that he received the email.   He denies the allegations in the fourth sentence of paragraph 51, states they do not fully, completely and accurately describe the matters discussed therein, and respectfully refers the Court to the full conversations referenced for their true and complete contents.   He denies the allegations in the fifth sentence of paragraph 51, states they do not fully,

completely and accurately describe the matters discussed therein, and respectfully refers the Court to the email referenced for its true and complete contents.

52.     Mr. Martin-Artajo denies the allegations in the first sentence of paragraph 52. He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third and fourth sentences of paragraph 52.

53.     Mr. Martin-Artajo denies the allegations in the first and fourth sentences of paragraph 53. He denies the allegations in the second and fifth sentence of paragraph 53, and states they do not fully, completely and accurately describe the matters discussed therein. He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 53.

54.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.     Mr. Martin-Artajo denies the allegations in the first sentence of paragraph 55, and states they do not fully, completely and accurately describe the matters discussed therein. He denies the allegations in the second sentence of paragraph 55, and states they do not fully, completely and accurately describe the relative responsibilities of the SCP traders, CIO management and JP Morgan. He denies present knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 55.

56.     Mr. Martin-Artajo denies the allegations of paragraph 56, and states they do not fully, completely and accurately describe the matters discussed therein.

57.     Mr. Martin-Artajo denies the allegations of paragraph 57, states they do not fully, completely and accurately describe the matters discussed therein, and respectfully refers the

Court to the audiotapes and transcripts of the calls referenced for their true and complete contents.

58.     Mr. Martin-Artajo denies the allegations of paragraph 58, and respectfully refers the Court to the filings referenced for their true and complete contents.

59.     Mr. Martin-Artajo denies the allegations of paragraph 59, and respectfully refers the Court to the filing referenced for its true and complete contents.   He further denies the allegations in the filing to the extent they refer to him.   He denies present knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the filing.

60.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and respectfully refers the Court to the filings referenced for their true and complete contents.

## FIRST CLAIM

### Violations of Section 10(b) of the
### Exchange Act and Rules 10b-5(a) and (c)

61.     Mr. Martin-Artajo incorporates by reference paragraphs 1 through 60 of this Answer as though fully restated herein.

62.     Mr. Martin-Artajo denies the allegations of paragraph 62.

63.     Mr. Martin-Artajo denies the allegations of paragraph 63.

## SECOND CLAIM

### Violations of Section 13(b)(5) of the
### Exchange Act and Rules 13b2-1

64.     Mr. Martin-Artajo incorporates by reference paragraphs 1 through 60 of this Answer as though fully restated herein.

65.     Mr. Martin-Artajo states that the first sentence of paragraph 65 purports to summarize Section 13(b)(2)(A) of the Securities Exchange Act and, therefore, no response is required, but to the extent a response is required, Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of such allegations.   He denies the allegations in the second sentence of paragraph 65.   He states further that he did not enter, or cause to be entered, any valuations for the SCP at issue in this case into JP Morgan's books, records or accounts.

66.     Mr. Martin-Artajo denies the allegations of paragraph 66.

67.     Mr. Martin-Artajo denies the allegations of paragraph 67.

### THIRD CLAIM

### Aiding and Abetting Violations of
### Section 13(b)(2)(A) of the Exchange Act

68.     Mr. Martin-Artajo incorporates by reference paragraphs 1 through 60 of this Answer as though fully restated herein.

69.     Mr. Martin-Artajo states that the first sentence of paragraph 69 purports to summarize Section 13(b)(2)(A) of the Securities Exchange Act and, therefore, no response is required, but to the extent a response is required, Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of such allegations.   He denies the allegations in the second sentence of paragraph 69.   He states further that he did not enter, or cause to be entered, any valuations for the SCP at issue in this case into JP Morgan's books, records or accounts.

70.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71.     Mr. Martin-Artajo denies the allegations of paragraph 71.

72.     Mr. Martin-Artajo denies the allegations of paragraph 72.

## FOURTH CLAIM

### Aiding and Abetting Violations of Section 13(a) of the
### Exchange Act and Rules 12b-20, 13a-11 and 13a-13

73.     Mr. Martin-Artajo incorporates by reference paragraphs 1 through 60 of this Answer as though fully restated herein.

74.     Mr. Martin-Artajo denies present knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.  He states further that he did not enter, or cause to be entered, any valuations at issue in this case into JP Morgan's books, records or accounts, or its filings with the Commission.

75.     Mr. Martin-Artajo denies the allegations of paragraph 75.

76.     Mr. Martin-Artajo denies the allegations of paragraph 76.

## DEFENSES

## FIRST DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over Mr. Martin-Artajo, a citizen and current resident of Spain.  During the relevant period, Mr. Martin-Artajo resided in the United Kingdom.

## THIRD DEFENSE

### (Improper Venue)

The Southern District of New York is an improper venue for a case arising from conduct that allegedly occurred, if it all, in the United Kingdom.

### FOURTH DEFENSE

**(Failure to Plead with Particularity)**

The Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FIFTH DEFENSE

**(Failure to Plead Scienter or Requisite Mental State)**

The Complaint fails to sufficiently plead scienter, reckless disregard, or other requisite mental state or intent as to Mr. Martin-Artajo.

### SIXTH DEFENSE

**(Failure to Plead a Primary Violation)**

The Complaint fails to plead a primary violation in support of the aiding and abetting claims it alleges against Mr. Martin-Artajo.

### SEVENTH DEFENSE

**(Failure to Join a Necessary Party)**

The Complaint fails to join a necessary party about whom it complains, Bruno Iksil.

### EIGHTH DEFENSE

**(Adequate Remedy at Law)**

Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate remedy at law.

### NINTH DEFENSE

**(Civil Penalties)**

The Complaint fails to allege facts and fails to make a showing sufficient to support the imposition of any civil penalties.

## TENTH DEFENSE

### (Alleged Past Conduct Does not Indicate Likelihood of Future Violation)

Plaintiff's claims for injunctive relief are barred because Mr. Martin-Artajo's alleged past conduct does not indicate a reasonable likelihood of future violation of the securities laws.

## ELEVENTH DEFENSE

### (Disgorgement)

The Complaint fails to allege facts that show Mr. Martin-Artajo obtained any sum or benefit from his alleged activities and thus fails to make a showing sufficient to support a claim for disgorgement.

## TWELFTH DEFENSE

### (Not Liable for Statements of Others)

Mr. Martin-Artajo is not liable for any statements not made by him. To be clear, Mr. Martin-Artajo was not responsible for, and had no authority over, JP Morgan's corporate filings with the Commission, or any other statements it made, if any, regarding its financial condition, revenue, income and results of its operations. Mr. Martin-Artajo did not execute the trades in the SCP and did not enter, or cause to be entered, any valuations for the SCP at issue in this case into JP Morgan's books, records or accounts.

## THIRTEENTH DEFENSE

### (Did Not Make a False or Misleading Misstatement)

Plaintiff's claims fail in whole or in part because Mr. Martin-Artajo did not knowingly make a false or misleading statement, or omit any material fact when he had a duty to speak.

## FOURTEENTH DEFENSE

### (Any False or Misleading Statement Not Material)

Plaintiff's claims fail in whole or in part because any alleged false or misleading statement or omission was not material.

## FIFTEENTH DEFENSE

### (Not Part of A Scheme)

Mr. Martin-Artajo was not part of any alleged scheme to artificially or materially reduce the losses reported for the SCP.

## SIXTEENTH DEFENSE

### (No Deceptive Act)

Mr. Martin-Artajo acted at all times in good faith and did not engage in any manipulative or deceptive act in connection with, or having an impact on, the trading of securities.

## SEVENTEENTH DEFENSE

### (Did Not Falsify or Cause to Be Falsified Any Book, Record, or Account)

Plaintiff's claims fail because Mr. Martin-Artajo did not falsify or cause to be falsified any book, record, or account.

## EIGHTEENTH DEFENSE

### (Did Not Circumvent or Cause to Be Circumvented
### Any Internal Controls)

Plaintiff's claims fail because Mr. Martin-Artajo did not circumvent or cause to be circumvented any internal controls at JP Morgan.

## NINETEENTH DEFENSE

### (Did Not Induce Others to Act)

Mr. Martin-Artajo did not directly or indirectly induce or cause others to commit any act or acts constituting the wrongful conduct alleged by Plaintiff.

## TWENTIETH DEFENSE

### (Did Not Provide Substantial Assistance)

Plaintiff's aiding and abetting claims fail because Mr. Martin-Artajo did not knowingly assist and did not substantially participate in the allegedly wrongful conduct committed by the alleged primary violators.

## TWENTY-FIRST DEFENSE

### (Did Not Benefit From Alleged Conduct)

Plaintiff's aiding and abetting claims fail because no benefit accrued to Mr. Martin-Artajo due to the alleged wrongful conduct.

## TWENTY-SECOND DEFENSE

### (Obligations Alleged Inconsistent with or Exceed Those Required by Securities Laws)

Plaintiff's claims fail in whole or in part to the extent they impose upon Mr. Martin-Artajo disclosure obligations that are not required by, or exceed, the obligations imposed under the relevant federal securities laws, rules and statutes.

## TWENTY-THIRD DEFENSE

### (Truth of Matters Alleged in Public Domain)

Plaintiff's claims fail in whole or in part because the truth of the matters alleged to be false or misleading, or omitted, in whole or in part, were in the public domain and thereby disseminated into the market and to the investing public.

## INCORPORATION BY REFERENCE

Mr. Martin-Artajo incorporates by reference any defense that any other defendant pleads in this action to the extent the defense applies to any claims against Mr. Martin-Artajo in whole or in part.

## RESERVATION OF DEFENSES

Mr. Martin-Artajo presently has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, defenses to the Complaint. Mr. Martin-Artajo reserves the right to assert additional defenses as he becomes aware that such defenses may be available.

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38(b), Mr. Martin-Artajo demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Martin-Artajo prays:

1. That judgment be entered in his favor and against Plaintiff;

2. That the Complaint and all claims therein be dismissed with prejudice;

3. For attorneys' fees and the costs of suit; and

4. For such other relief that the Court deems just and proper.

Dated: New York, New York
       December 10, 2013

Respectfully submitted,

By _____
Felice B. Galant
FULBRIGHT & JAWORSKI LLP
666 Fifth Avenue
New York, NY 10103
Tel. No.: 212-318-3000

William J. Leone, admitted *pro hac vice*
FULBRIGHT & JAWORSKI LLP
Tabor Center
1200 17th Street
Denver, CO
Tel. No.: 303-801-2700

Richard C. Smith, admitted *pro hac vice*
Stephen M. McNabb, admitted *pro hac vice*
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, DC 20004-2623
Tel. No.: 202-662-0200

*Attorneys for Defendant Javier Martin-Artajo*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Javier Martin-Artajo's Answer was served on all counsel of record via ECF on December 10, 2013.


Dated:  December 10, 2013                         ___/s/Felice B. Galant___
                                                  Felice B. Galant

53088595