UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**SECURITIES AND EXCHANGE COMMISSION,**

　　　　　　　　　　　**Plaintiff,**

　　　　v.

**JAVIER MARTIN-ARTAJO and JULIEN G. GROUT,**

　　　　　　　　　　　**Defendants.**

---

No. 13 Civ. 5667 (GBD)

**JOINT INITIAL REPORT AND DISCOVERY PLAN
UNDER FED. R. CIV. P. 26(f) AND THE COURT'S
PILOT PROJECT REGARDING CASE MANAGEMENT**

　　The parties have conferred and considered the matters called for by Fed. R. Civ. P. 26(f) and Part I.A of the Court's Pilot Project Regarding Case Management ("Pilot Project"), and have agreed, except where otherwise noted, to the following discovery plan:

**I.　Fed. R. Civ. P. 26(f)**

　　**A.　Subpart (A)**, what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

　　The parties' position is that initial disclosures should be exchanged fourteen days after the initial conference with the Court.

　　The parties' proposed schedule for other disclosures under Rule 26(a) is set forth in the proposed Case Management Order submitted herewith.

　　**B.　Subpart (B)**, the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

　　The parties' position is that discovery may be taken on the allegations and defenses asserted in the parties' pleadings and any subjects relevant thereto. The parties' proposed schedule, as set forth in the proposed Case Management Plan, contemplates separate phases for fact and expert discovery, with fact discovery to precede expert discovery.

**C.     Subpart (C), any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

The parties are not presently aware of issues concerning disclosure of electronically stored information.  They expect to produce and request such information in the course of discovery and will raise any issues concerning such information as they arise.

**D.     Subpart (D), any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order:**

The SEC expects to submit for the Court's approval a proposed protective order to govern, among other matters, the protection of discovery materials that are subject to a claim of privilege, work product protection, or other immunities from disclosure.

Defendants anticipate that there will be disagreements about privilege assertions by the SEC and various third parties including production of witness statements, and the proper scope of an alleged "bank examiner" privilege.

**E.     Subpart (E), what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

In light of the complexity of the subject matter of this action and because the certain nonparty witnesses may testify at trial by deposition, the parties' position is that each side should be permitted to take up to 40 depositions of fact witnesses and as many expert depositions as experts identified by the opposing parties.  The SEC's position is that, absent a stay, all discovery in this case should proceed.

Defendants' position is that certain discovery should proceed and other discovery should be deferred pending the outcome of a pending, related criminal case pending in a separate division of this Court. Defendants state that the following discovery should occur: (1) full document discovery; (2) depositions of all relevant witnesses except for the Defendants who have 5th amendment rights that may preclude their depositions; and (3) expert discovery and disclosures.  The timetable for resolution of the pending criminal case will depend in part on the outcome of extradition proceedings currently pending in Spain. Defendants propose that other discovery proceed and that the parties report to the Court in no later than 180 days concerning the status of the criminal proceedings.  Defendants also anticipate that the Department of Justice may seek to intervene to stay some portion of the discovery in this civil case.

**F.     Subpart (F), any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

The SEC is not requesting that the Court enter any other orders at this time.

Defendants are requesting that no depositions of the Defendants be noticed until further order of the Court.

II.     **Pilot Project**

**Part I.A(1)**, the parties' positions on the applicable topics of the "initial Pretrial Conference Checklist" annexed as Exhibit A:

> **Exhibit A, Item 2**, Appropriateness of initial disclosures pursuant to Rule 26(a)(1)
>
>> a.      **Is there some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures?**

The parties' position is that initial disclosures should be exchanged fourteen days after the initial conference with the Court.  The SEC has agreed to begin producing certain readily identifiable materials forthwith, and its position is that the defendants should also begin producing readily identifiable documents now.  In addition, Defendants' position is that the SEC should produce all materials in its possession relating to the claims and potential defenses in this action.

> **Exhibit A, Item 5**, Preliminary issues that are likely to arise that will require court intervention.

The SEC understands that the U.S. Attorney's Office for the Southern District of New York may seek a stay of certain discovery in this action based on its related criminal action against the defendants.  The SEC is not presently aware of other preliminary issues.

Defendants believe that the Court may need to resolve discovery disagreements that have arisen regarding: (1) production by the SEC of witness statements provided to the SEC either directly by JP Morgan or its counsel, in writing or by reading, and which the SEC has indicated it may withhold; (2) production by the SEC of transcripts obtained by it from foreign investigative agencies and which formed part of the basis for bringing this action; and (3) production by the SEC of various documents received by it from JP Morgan or its counsel and which are being withheld under a claim of bank examiner privilege.

> **Exhibit A, Item 7**, Proposed discovery including (a) limitations on types of discovery beyond those in the Rules (i.e., waiver of interrogatories, requests for admission, expert depositions), (b) limitations on scope of discovery, (c) limitations on time and sequence of discovery, (d) limitations on restoration of electronically-stored information, (e) agreement to allow depositions of trial witnesses named if not already deposed, (f) preservation depositions, and (g) foreign discovery and issues anticipated.

The SEC's position is that no limitations are necessary under subparagraphs (a), (b), (c), and (d), and that preservation depositions, if sought, should be allowed.

Defendants' position is that no limitations are necessary under this paragraph, except for their request that no depositions of the Defendants be noticed until further order of the Court.

The parties agree that, after service of the final pretrial witness list, each party will be allowed to depose proposed trial witnesses not previously deposed. The parties anticipate significant foreign discovery and will raise issues such discovery presents as they arise.

**Exhibit A, Item 8, Schedule (as appropriate and possibly excluding public agency cases), including (a) date(s) for completion of discovery, (b) date(s) for dispositive motions, (c) date(s) for exchange of expert reports, (d) date(s) for exchange of witness lists, (e) dates for Joint Preliminary Trial Reports and Final Joint Trial Reports, and (f) date for Case Management Conference.**

The parties' proposed dates for completion of discovery, dispositive motions, exchange of expert reports, and the filing of the Joint Pretrial Order, including witness lists, are set forth in the proposed Case Management Order.

**Exhibit A, Item 13, Possibility of consent to trial before a Magistrate Judge**

The parties do not consent to a trial by a Magistrate Judge.

**Exhibit A, Item 14, Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments**

The parties' proposed deadline for amending the pleadings is set forth in the proposed Case Management Order.

**Exhibit A, Item 15, Joinder of additional parties, and the likelihood and timing of joinder of additional parties**

The parties' proposed deadline for joinder of additional parties is set forth in the proposed Case Management Order.

**Exhibit A, Item 16, Expert witnesses (including necessity or waiver of expert depositions)**

The parties expect to present expert evidence and take expert discovery, including the depositions of any experts identified by the defendants. The parties' proposed schedule for expert discovery is set forth in the proposed Case Management Order.

**Exhibit A, Item 18, Final pretrial order (including possibility of waiver of order)**

The parties' proposed date for the filing of the final pretrial order is set forth in the proposed Case Management Order.

### Exhibit A, Item 19, Possible trial-ready date

The parties' proposed trial-ready date is set forth in the proposed Case Management Order.

### Exhibit A, Item 20, Court logistics and mechanics (e.g., communication with the court, streamlined motion practice, pre-motion conferences, etc.)

The parties will communicate with the Court and file motions in accordance with the Federal Rules of Civil Procedure, the Court's Local Civil Rules, the Pilot Project, and the Court's Individual Rules of Practice. The parties are not presently aware of any issues concerning court logistics or mechanics but will raise such issues, if any, as they arise.

### Exhibit A, Item 21, The need for additional meet and confer sessions, to continue to discuss issues raised at the initial conference among counsel.

The parties will be available for additional meet and confer sessions as needed.

**Part I.A(2),** the parties' proposed schedule for fact and expert discovery, including (a) any recommendations for limiting the production of documents, including electronically stored information, (b) any recommendation for limiting depositions, whether by numbers or days of depositions, and by the elimination of expert depositions, (c) a protocol and schedule for electronic discovery, including a brief description of any disputes regarding the scope of electronic discovery, (d) whether the parties recommend that expert discovery precede or follow any summary judgment practice, and (e) whether the parties agree to allow depositions preceding trial of trial witnesses not already deposed:

The parties' proposed schedule for fact and expert discovery is set forth in the proposed Case Management Order. Except as set forth above, the parties' position is that no limitations are necessary under subparagraphs (a) and (b). The parties are not presently aware of any disputes regarding the scope of electronic discovery but will raise such issues, if any, as they arise. The parties' position is that expert discovery should precede summary judgment motions. The parties agree that, after service of final pretrial witness list, each party will be allowed to depose proposed trial witnesses not previously deposed.

* * *

The parties have addressed the remaining matters identified in Part I.A of the Pilot Project and Exhibit A thereto[1] but do not believe they are applicable at this time.

Dated: January 2, 2014
      New York, New York

SECURITIES AND EXCHANGE COMMISSION

By: _____
Joseph Boryshansky
New York Regional Office
3 World Financial Center, Suite 400
New York, New York, 10281
Tel: (212) 336-0113

HUGHES HUBBARD & REED LLP

By:_____
Edward Little
One Battery Park Plaza
New York, New York 10004
Tel: (212) 837-6000
*Attorneys for Defendant Julien Grout*

FULBRIGHT & JAWORSKI LLP

By: _____
William Leone
666 Fifth Avenue
New York, New York 101003
Tel: (212) 318-3000
*Attorneys for Defendant Javier Martin-Artajo*

---

[1] See Southern District of New York's Pilot Project Regarding Case Management, Exhibit A, Items I.A(1)-A1 (possible limitations on document preservation), I.A(1)-A3 (possibility of stay or limitation of discovery pending dispositive motion), I.A(1)-A4 (possibility of communications between district and magistrate judge), I.A(1)-A6 (discovery issues that are envisioned), I.A(1)-A9 (issues to be tried), I.A(1)-A10 (bifurcation), I.A(1)-A11 (class certification), I.A(1)-A12 (ADR/mediation), I.A(1)-A17 (damages); and Subpart I.A(3) (whether parties propose to engage in settlement discussions or mediation).

*   *   *

The parties have addressed the remaining matters identified in Part I.A of the Pilot Project and Exhibit A thereto[1] but do not believe they are applicable at this time.

Dated: January 2, 2014
New York, New York

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | FULBRIGHT & JAWORSKI LLP |
| By: _____ <br> Joseph Boryshansky <br> New York Regional Office <br> 3 World Financial Center, Suite 400 <br> New York, New York, 10281 <br> Tel: (212) 336-0113 | By: _____ <br> William Leone <br> 666 Fifth Avenue <br> New York, New York 101003 <br> Tel: (212) 318-3000 <br> *Attorneys for Defendant Javier Martin-Artajo* |

HUGHES HUBBARD & REED LLP

By: _____
Edward Little
One Battery Park Plaza
New York, New York 10004
Tel: (212) 837-6000
*Attorneys for Defendant Julien Grout*

---

[1] See Southern District of New York's Pilot Project Regarding Case Management, Exhibit A, Items I.A(1)-A1 (possible limitations on document preservation), I.A(1)-A3 (possibility of stay or limitation of discovery pending dispositive motion), I.A(1)-A4 (possibility of communications between district and magistrate judge), I.A(1)-A6 (discovery issues that are envisioned), I.A(1)-A9 (issues to be tried), I.A(1)-A10 (bifurcation), I.A(1)-A11 (class certification), I.A(1)-A12 (ADR/mediation), I.A(1)-A17 (damages); and Subpart I.A(3) (whether parties propose to engage in settlement discussions or mediation).