

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 1, 2015

**BY ECF AND FAX: 212-805-6737**

The Honorable George B. Daniels
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street, Chambers 1310
New York, New York 10007

          Re:   **SEC v. Martin-Artajo & Grout,**
                 13 Civ. 5677 (GBD)

                 **In re JPMorgan Chase & Co. Sec. Litig.,**
                 12 Civ. 3852 (GBD)

Dear Judge Daniels:

      The Government writes to respectfully update the Court regarding its motions to stay certain discovery in the above-referenced cases.

      As the Court knows, last week, a Spanish court denied the Government's application to extradite Javier Martin-Artajo from Spain to face charges in United States v. Martin-Artajo & Grout, 13 Cr. 707 (LGS).  The Government recently learned that the Spanish authorities have chosen not to appeal that ruling, effectively ending the extradition matter.  Accordingly, the Government will not pursue its respective motions to stay discovery in the above-referenced civil cases.

      Notwithstanding the extradition ruling, the criminal charges remain pending against Martin-Artajo and co-defendant Julien Grout, either or both of whom may one day face those charges.  Accordingly, the Government maintains an interest in the civil litigation to ensure the criminal process is not entirely subverted by the civil litigation.  To that end, the Government hereby requests that the Court bolster the existing protective order in In re JPMorgan Chase & Co. Securities Litigation to guard against the possibility that Martin-Artajo and Grout might obtain what would amount to Section 3500 material for Government witnesses prior to the appropriate time in the criminal case.  The Government understands that Lead Plaintiffs do not object to the request to bolster the protective order in such a manner.

Hon. George B. Daniels
May 1, 2015
Page 2 of 2

    Likewise, in <u>SEC v. Martin-Artajo & Grout</u>, the Government acknowledges that discovery must continue, including depositions of the embargoed witnesses. However, the Government further understands that the SEC has requested that the Court require Martin-Artajo and Grout to appear in New York for depositions <u>before</u> anyone on the embargoed list is deposed. This request is consistent with the Government's position that the Court should take any available measures to prevent the defendants from using the civil discovery process to circumvent the criminal process while they remain fugitives from justice in the criminal case.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney

By:   <u>/s/ Daniel S. Goldman</u>
    Daniel S. Goldman
    Michael Ferrara
    Assistant U.S. Attorneys
    212-637-2289/2526

Cc:   Nicholas Pilgrim, Esq.
    Bill Leone, Esq.
    Edward Little, Esq.
    Jeff A. Almeida, Esq.
    Daniel F. Schubert, Esq.
    Christopher Michael Viapiano, Esq.