

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0924
PilgrimN@sec.gov

May 4, 2015

**By ECF and United Parcel Service**

Honorable George B. Daniels
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     <u>SEC v. Javier Martin-Artajo and Julien G. Grout</u>, No. 13 Civ. 5677 (S.D.N.Y.)

Dear Judge Daniels:

      On behalf of Plaintiff Securities and Exchange Commission ("SEC"), I write in response to Defendant Javier Martin-Artajo's letter, dated May 1, 2015 (the "Leone Letter"), and Defendant Julien Grout's letter, also dated May 1, 2015 (the "Little Letter"), to address comments made by counsel on behalf of both Defendants with respect to the order and location of Defendants' depositions. In anticipation of the status conference, the SEC would like the Court to be aware of the following:

      (1)     Mr. Little, counsel for Defendant Grout, is correct that the proper procedure that should occur before the Court has to decide when and where Defendants' depositions take place is for the SEC first to notice their depositions.[1] At that point, both Defendants will seek a protective order, and the Court can rule on the matter. Little Letter at 3. Presently, the SEC has not noticed depositions for the Defendants for a simple reason: the Court previously ordered a stay that would prevent certain witnesses from being deposed in this action, and that stay covered Defendants. The April 30 letter to the Court was intended to provide a preview before the May 8 status conference of what discovery-related issues will need to be addressed if and when the current limited stay is lifted. It is not a substitute for a formal notice of deposition.

      (2)     Mr. Little, however, is incorrect when he suggests that the SEC is "trying to take unfair advantage of the pendency of the related criminal case." Little Letter at 1. The SEC merely seeks to depose Defendants, a right that every plaintiff has under the Federal Rules of Civil Procedure. Because discovery is a two-way street, Defendants, having chosen to participate in this litigation, should not be allowed to handicap the SEC's case

---

[1] Aspects of this process were fully described in the SEC's April 30 letter, which directly referred the Court and counsel to the process followed by the district court in the *Razmilovic* case.

by unilaterally exempting themselves from depositions until after every other potential witness has been deposed.

(3)    At any rate, both Defendants' letters invite the Court to ignore the proverbial elephant in the room.  The essence of the controversy in this case is simple:  did Defendants "fraudulently mismark[] investments in a multi-billion dollar portfolio they managed, known as the Synthetic Credit Portfolio ('SCP'), in order to conceal hundreds of millions of dollars in mark-to-market losses."  Complaint ¶ 1.  Because this controversy involves how and why Defendants chose to mark their positions, Defendants' attempt to force 30-40 witnesses, virtually none of whom were participants in Defendants' mismarking scheme, to sit through depositions before the central characters in this case, i.e., Defendants, are deposed reeks of a sense of entitlement and unfairness.

(4)    The equities in this case simply do not support allowing Defendants to use the Court's power to compel 30-40 witnesses to travel (many from London) to attend depositions while Defendants remain safely ensconced in Europe free from the burdens of discovery that they eagerly seek to impose on everyone else.

(5)    This conclusion is bolstered by the particular facts of this case.  **Defendants' legal fees are being paid by their former employer JP Morgan, and they have no U.S.-based assets that are at risk should a judgment in this case go against them.  Given that their participation in this case comes at no cost to them, they can always choose to walk away from this litigation 14-plus months later when it is their turn to be deposed and they realize that the deposition testimony of third-party witnesses has undermined every defense strategy they are concocting**.  So is it really fair to ask scores of non-party witnesses, who were peripheral to Defendants' decision-making process in mismarking their positions, to be deposed under these circumstances?  The SEC respectfully submits that the only and obvious answer to this question will be "No" once the parties brief this issue and the Court is called upon to decide this question.

(6)    Additionally, Defendants would like for the Court to lose sight of the proverbial forest for the trees with their citations to easily distinguishable case law regarding the location and order of depositions.  None of their cases addresses the particular facts before the Court, which involve two foreign defendants who have no intentions of traveling to the United States to be deposed or attend trial but who wish to force others to sit through depositions.  Defendants "remain[] exposed to the jeopardy of a criminal proceeding" because the Indictment is still in place.  *See* Leone Letter at 1.  **Since that Indictment will be in place 14-plus months from now, it is clear that for all the bluster in counsels' letters regarding their clients wanting to have their day in court to clear their names, Defendants will never voluntarily travel to this Court**.  This is because once Defendants are made to choose between disobeying this Court's order ruling that they appear in New York (either for a deposition or for trial), or risking having to spend years if not decades in a U.S. prison, Defendants will clearly opt to lose this case (particularly since they are not paying any legal fees out of their own funds and have no assets or securities licenses at risk in the United States) rather than lose their liberty.

> Thus, if Defendants drag the calendar out, they are only delaying the inevitable moment when the Court orders Defendants to appear in New York for their trial, at which time they will inevitably flout the order to avoid being taken into custody. At that time, the Court would unfortunately be as incapable of enforcing its order directing Defendants to appear for their own civil trial as the criminal authorities have been in seeking to get Defendants to appear in the United States. Thus, the only proper remedy would be a default judgment, the same scenario, which can take place now in the context of depositions. The only question is whether we confront this issue squarely now or wait 14-plus months later once countless hours, large amounts of money, and precious judicial resources that could be focused on other matters have been irretrievably squandered.
>
> (7) In short, the simple issue for the Court to decide once the stay is lifted in this litigation is whether it makes sense for 30-40 non-party witnesses to be deposed over the next 14-plus months before the issue of whether Defendants will ever appear here to defend themselves in the civil case is addressed. The SEC respectfully submits that the interests of (a) judicial economy; (b) minimizing undue and needless burdens to third-party witnesses; and (c) avoiding unnecessary costs incurred by the plaintiff and JP Morgan (paying Defendants' expenses) in arranging for expert witnesses to prepare reports and testify, each militate in favor of Defendants being ordered to sit for depositions in New York. If they won't comply with such an order now they won't comply with a similar order 14-plus months later when the Indictment is still pending, and it would be a tragic waste of this Court's resources (and a cruel waste of time for the 30-40 third-party witnesses Defendants plan to depose) for "full discovery" to occur that consumes over a year of time only to lead us all back to square one: a default judgment for Defendants' willful and deliberate refusal to comply with a Court order directing them to appear in New York.[2] *SEC v. Razmilovic*, 738 F.3d 14, 27 (2d Cir. 2013).

Respectfully,

Nicholas A. Pilgrim

cc: Bill Leone, counsel for Javier Martin-Artajo (via email and ECF)
Edward Little, counsel for Julien Grout (via email and ECF)

---

[2] Defendant Martin-Artajo argues that the Court should allow depositions for Defendants to take place in Europe at some distant date. *See* Leone Letter at 3. This recommendation merely postpones the inevitable resolution of the central issue in this case which is whether this case will really go to trial or whether Defendants will fail to appear in New York when required to appear and testify. Because counsel cannot seriously propose that the Court and a jury travel to Spain to accommodate Defendants' unbendable desire to avoid coming to the United States, it is wasteful and presumptuous (although admittedly lucrative as well) for counsel to demand "full discovery" to go forth while knowing that their clients have no intention of ever showing up at a trial.