

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

May 6, 2015

BY ECF & BY FEDEX

Honorable George B. Daniels
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re:  <u>SEC v. Martin-Artajo, 13 Civ. 5677 (GBD)</u>

Dear Judge Daniels:

   I am writing in response to the second letter Nicholas Pilgrim has submitted for the SEC in anticipation of the hearing on Friday. While we do not want to prolong the exchange of letters, we cannot let some of the new assertions go uncorrected. I am using the same numbers in the following paragraphs as those in Mr. Pilgrim's letter of May 4th.

   1. It is good that the SEC and we are agreed that we should follow the Federal Rules of Civil Procedure in proceeding with discovery and can now reduce the flow of correspondence.

   2. Mr. Pilgrim, however, is missing my point that the SEC is trying to take unfair advantage of the pendency of the criminal case. It has nothing to do with the timing of depositions, an issue we can discuss with the Court on Friday. It has to do with the SEC's repeated insistence that the defendants be deposed first – before any other discovery in the case – *and be deposed in New York.* The obvious tactic here is to take advantage of the fact that if the Court were to order the defendants to come to New York, the defendants would obviously decline because of the certainty of their arrest and detention, and the SEC would immediately shut down the case by moving for default. The SEC has no intention of litigating and trying this case. We do. Our clients can be deposed in their home countries according to the usual procedures, and this case ought to proceed and be decided on the merits.

   On the matter of timing, we agree that fairness dictates that the defendants ought to go last, but if the Court believes that it would give the defense an advantage, it can balance the situation by permitting the Government to defer the depositions of their one or two most important witness to the end as well. But at this point, it is not fair to continue blocking dozens of witnesses from testifying, especially since the prosecutors have withdrawn their motions for a stay or partial stay. All witnesses, except for the defendants themselves and the one or two key Government witnesses ought to be open for testifying now, and all documents ought to be produced so this civil case can proceed to trial.

3. We are hardly ignoring the "elephant in the room" – supposedly a "simple" case of the alleged mismarking of unregulated credit default swaps in a massive portfolio. The SEC is ignoring something a lot bigger: the "London Whale" – Bruno Iksil, the main player in this legal drama. The Government surprisingly chose to immunize Iksil, the man who ran JPMorgan Chase's portfolio, and instead charged his boss Javier Martin-Artajo and the junior trader who worked under his direction, our client Julien Grout. The prosecutors, unable to prove a case otherwise, made the highly unusual decision to immunize the person primarily responsible for the trading strategy that caused the bank's losses. They then used Iksil to charge that the defendants supposedly concealed the value of his positions instead of focusing on how Iksil conducted the trading.

Now, in their desperation to avoid having Iksil testify, the prosecutors are working with the SEC lawyers to ensure that will not happen. That is the real reason the SEC is pressing so hard to blow up this case by demanding what they know is impossible – that the defendants come to the U.S. for their depositions, only to be arrested and detained on arrival.

It was not *our* choice to have to depose numerous second and third-level witnesses in lieu of deposing a more limited number of more important witnesses. The prosecutors and the SEC lawyers moved to bar the testimony of the principal witnesses by relying on the pendency of the criminal case. Now that the criminal case is not going to trial anytime soon, if ever, the stay ought to be lifted – as even the prosecutors have reluctantly indicated in their most recent letter – and the parties can now obtain the testimony of the most knowledgeable witnesses, including the key witness, Bruno Iksil.

4. As indicated above, I do not believe we would need to depose as many witnesses if we can focus on the more important ones. As for the witnesses in London who may still have to be deposed, they can be deposed there at convenient times. The Government cannot complain about resources, given the fact that their lawyers have traveled regularly to London for more than two years. Nor should they, given that the SEC chose to bring an action here despite the fact that most of relevant activity occurred in England, not the Southern District of New York. Indeed, some of the witnesses who worked at the bank's London offices no longer work there and would have to be deposed where they live, that is, London. The defendants are no more "ensconced" in Europe than all the other people involved in this case. They are living in their home countries as are all the rest.

5. The (rather hysterically) **<u>bolded and underlined accusation</u>** by the SEC that the defendants have nothing to lose because their lawyers' fees are paid by the bank (as legally required) and that they would not have to pay any judgment is just wrong. There are treaties with both Spain and France that would recognize a validly obtained judgment in this case. The defendants would be subject to execution on any money judgments. The irony here is that if the defendants were manipulated into defaulting, any judgment that the SEC would obtain may not be recognized by those countries because, as we understand, they do not recognize default judgments. If the SEC really wants to obtain a judgment on the merits, it ought to be willing to proceed in a way that this case can be tried and decided on the merits.

6. As for the SEC's next argument that the defendants will presumably not appear at trial, the law and procedural rules do not require that they do. The General Provisions of Title 28 provide:

### § 1654. Appearance personally or by counsel

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

The rules that govern are, of course, the Federal Rules of Civil Procedure. Rule 45, which was recently amended to deal with the "place of compliance" for parties, provides that *a party can only be subpoenaed to testify at a trial* "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. Rule 45(c)(1)(B). Mr. Grout does not reside, is not employed, and does not regularly transact business in person in New York, as the SEC has to concede. The alternative for both sides is to use his deposition testimony at trial under Rule 32, which permits the use of a "deposition of a witness, *whether or not a party*, if the court finds: that the witness . . . is outside the United States . . . ." Fed. R. Civ. P. 32(a)(4)(B) (emphasis added). The Court also has the discretion under Rule 43 to permit Mr. Grout to testify at the trial "in open court by contemporaneous transmission" from France. Fed. R. Civ. P. Rule 43(a).

7. The SEC's final argument, that there is no point to continuing with the case, is followed by an unprofessional footnote suggesting that the defense is pursuing discovery for "admittedly lucrative" reasons. We could as easily accuse the SEC of following the practice of filing a "me too" civil action on the heels of every white-collar case with the usual inflammatory press release with the assumption they will never be put to their proof. They rely on the hope that the defendant will be convicted in the criminal case while their case is stayed, and they usually settle in any event when the publicity dies down.

For all these reasons, we will be requesting the Court on Friday to lift the partial stay and protective order and permit this civil case to proceed, with the only restriction being that the Government's one or two key witnesses and the defendants be deposed last. It is the fair thing to do.

Respectfully submitted,

*[signature]*

Edward J.M. Little

cc: All counsel of record (by ECF & email)