UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JAVIER MARTIN-ARTAJO and JULIEN G. GROUT,

Defendants.

No. 13 Civ. 5677 (GBD) (MD)

**AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

After consultation with counsel for the parties, the following Amended Case Management Plan and Scheduling Order is hereby adopted.

1.  Except for good cause shown, no additional parties may be joined after April 11, 2014.

2.  Except for good cause shown, no amendment to the pleadings may be made after April 11, 2014.

3.  Except for good cause shown, all fact discovery shall be commenced in time to be completed by August 1, 2016.

4.  Identification of affirmative experts shall be made by August 15, 2016. Affirmative expert reports shall be served by September 15, 2016. Rebuttal expert reports shall be served by October 14, 2016. Expert depositions shall be completed by December 15, 2016.

5.  Summary judgment motions shall be served by January 30, 2017. Answering papers shall be served within 30 days. Reply papers shall be served within 30 days. In the event that a summary judgment motion is made, the date for submitting the Joint Pretrial Order shall be changed from that shown herein to four (4) weeks from the decision on the motion. The final pretrial conference shall be adjourned to a date five (5) weeks from the decision on the motion.

6.  If no summary judgment motion is made, the Joint Pretrial Order shall be filed on January 30, 2017. The requirements for the pretrial order and other pretrial submissions shall be governed by the Court's Individual Rules of Practice.

7.  If no summary judgment motion is made, a final pretrial conference will be held on _____ at _____.

8.  All motions and applications shall be governed by the Court's Individual Rules of Practice.

9.      The estimated trial time is 21 days and this is a jury trial.

10.     The next Case Management Conference will be held on _____, 2015.

11.     The Defendants shall not be deposed or required to respond to written discovery requests that require testimonial responses until after the completion of depositions of all other fact witnesses.  Prior to commencing such discovery against the Defendants, the Defendants shall notify Plaintiff's counsel of their position with respect to the assertion of their Fifth Amendment rights.  The depositions of the Defendants shall be conducted within 30 miles of the Defendant's place of residence or such other place that the parties may agree. The depositions shall be videotaped.  The parties shall raise any dispute concerning the Defendant's depositions with this Court at a conference to be scheduled.  All such disputes will be resolved before the depositions take place.

12.     As provided in the parties' Joint Initial Report and Discovery Plan Under Fed. R. Civ. P. 26(f) filed on January 2, 2014 and approved by the Court on January 8, 2014, each side is permitted to take up to forty (40) depositions of fact witnesses, without leave, and as many expert depositions as experts identified by each party. *See* Docket Entry 27.

13.     The depositions of fact witnesses shall not be limited in any way by the list of individuals the United States Attorney's Office had previously claimed to be off-limits for purposes of depositions and other discovery (*i.e.*, the "List of 30") in connection with its motion for a limited stay of certain discovery.  The Defendants, and the Plaintiff, may now seek to take discovery, including but not limited to deposition and document discovery, from all of the individuals on the "List of 30."  As before, the parties may take discovery from other individuals and entities, as provided under the Federal Rules of Civil Procedure and other relevant laws.  In the absence of an agreement between the parties, the parties may take more than forty (40) depositions per side only with leave of this Court for good cause shown.

14.     Counsel for the parties agree to block out and reserve a sufficient number of days between now and the close of fact discovery to complete the depositions of fact witnesses. Counsel for the parties will exchange respective lists of available days for the seven-month period, from June 2015 to December 2015, by June 1, 2015, and for the next seven-month period, from January 2016 to July 2016, by October 1, 2015.  Counsel for the parties agree to cooperate in the scheduling and completion of depositions of witnesses on or off the "List of 30" within the allotted time.

15.     The normal presumptive time limit for fact witness depositions will be modified as needed for witnesses (a) who will likely be unavailable at trial and whose depositions will be in lieu of live testimony at trial, (b) who will require the services of a translator, and (c) whose testimony will likely concern the central allegations of this case.  The parties will coordinate to ensure each party has at least equal time to cross examine a witness whose deposition has been noticed by the other party.


Dated: May __, 2015

New York, New York

SECURITIES AND EXCHANGE
COMMISSION

By: _____

    Nicholas Pilgrim
    New York Regional Office
    3 World Financial Center, Suite 400
    New York, New York, 10281
    Tel: (212) 336-1100

NORTON ROSE FULBRIGHT US LLP

By: _____

    William Leone
    Felice Galant
    666 Fifth Avenue
    New York, New York 101003
    Tel: (212) 318-3000

*Attorneys for Defendant Javier Martin-Artajo*

HUGHES HUBBARD & REED LLP

By:_____

    Edward Little
    Marc Weinstein
    One Battery Park Plaza
    New York, New York 10004
    Tel: (212) 837-6000

*Attorneys for Defendant Julien Grout*

**SO ORDERED.**

_____
United States District Judge

3