

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER & DIRECT DIAL

HOWARD A. FISCHER
(212) 336-0589

June 19, 2015

**VIA ECF**
The Honorable George B. Daniels
United States District Judge
United States Courthouse
500 Pearl St., Chambers 1310
New York, NY 10007

      Re:    <u>SEC v. Javier Martin-Artajo and Julien G. Grout, No. 13 Civ. 5677</u>

Dear Judge Daniels:

      We represent the plaintiff Securities and Exchange Commission ("SEC") in this action. We write in support of the June 3, 2015 letter from the United States Attorney's Office for the Southern District of New York ("USAO") seeking an order from the Court to delay the depositions of seven witnesses until after defendants Javier Martin-Artajo and Julien G. Grout ("Defendants") in this action have been deposed.

### Background

      At the May 8, 2015 prehearing conference in this matter, the parties agreed to proceed with 25 depositions prior to the depositions of Defendants: fifteen witnesses to be selected by Defendants, ten by the SEC. Left open was the identity of the parties' designated deponents. At the hearing, the USAO requested that the depositions of ten identified witnesses proceed after Defendants' depositions.

      Since then, defense counsel has circulated a proposed list that includes seven witnesses from the USAO's list: Luis Buraya, Eric De Sangues, Ina Drew, Bruno Iksil, Achilles Macris, C.S. Venkatakrishnan, and Alistair Webster. The USAO has requested that these depositions be held after Defendants testify, for the reasons set forth in the June 3, 2015 letter.

      For the reasons set forth below, the SEC joins in that request.

### Discussion

      This Court is authorized, pursuant to Federal Rule of Civil Procedure 26(d), to fashion the discovery schedule to best serve "the parties' and witnesses' convenience and in the interest of

The Honorable George Daniels
June 19, 2015
Page 2

justice." We write to request respectfully that the Court use this capacity to order that seven witnesses be deposed after Defendants Martin-Artajo and Grout testify.

The seven depositions that Defendants have included in their proposed list include persons who worked closely with Defendants, reported to them, or supervised them. All parties will likely wish to spend multiple days examining each of them. Their testimony will also very likely relate to specific incidents in which the Defendants were involved.

Delaying these seven depositions until after Defendants testify will promote efficiency and reduce unnecessary costs. These seven witnesses will most likely need to be deposed again after Defendants testify, should they choose to do so. (Indeed, if Defendants take the Fifth and refuse to answer questions it may obviate the need for these seven witnesses to testify at all). Defendants will likely use their depositions, if they go forward with them, to rebut the testimony of these witnesses. The SEC (and perhaps Defendants as well) will therefore likely need to depose these seven witnesses again in order to explore these rebuttals, as well as to explore any additional issues raised by Defendants' depositions.

The increased costs and inconvenience associated with any additional rounds of depositions are manifest. In addition to the costs of attorneys' fees and court reporting services, further depositions also inflict considerable financial and noneconomic burdens on the witnesses in question. This burden takes on special significance when the deposed individuals are not party to the litigation, as is the case here. *See, e.g., In re Candor Diamond Corp.*, 26 B.R. 847, 849 (BR S.D.N.Y. 1983) ("restrictions on discovery may be broader where a non-party is the target of discovery").

Litigation efficiency will be similarly diminished if the witnesses must be deposed again.[1] Ordering an additional round of depositions of the same individuals will require further planning among counsel and witnesses. Deposing Defendants first, followed by the witnesses, will ultimately yield the same amount of information for the Court, but without incremental cost or delay for litigating parties, witnesses, or this Court. Furthermore, since the majority of these witnesses reside abroad, the expense and inconvenience of deposing them multiple times would likely be even more.[2]

---

[1] While having Defendants testify first may potentially expose them to another round of testimony, they are only two witnesses, not seven, and as parties they are subject to fewer protections.

[2] Requiring the witnesses give depositions after the Defendants also serves the interests of justice by minimizing the possibility that the Defendants will tailor their testimony in light of these witnesses' accounts.

The Honorable George Daniels
June 19, 2015
Page 3

      We are available to further address this issue if the Court so desires.

      Respectfully submitted,

      Howard A. Fischer
      Senior Trial Counsel

cc:    All parties (via ECF or email)
      Counsel for the witnesses (via ECF or email)