

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Edward J.M. Little
Direct Dial: 212-837-6400
little@hugheshubbard.com

June 25, 2015

VIA ECF

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

        Re:      *Securities and Exchange Commission v. Javier Martin-Artajo and Julien G. Grout*, Case No. 13-Civ-5677 (GBD)

Dear Judge Daniels:

        We represent defendant Julien Grout in this action. We write in opposition to the June 3, 2015 letter from the United States Attorney's Office for the Southern District of New York ("USAO") seeking an order regarding the sequencing of depositions in this matter, and to the June 19, 2015 letter from plaintiff Securities and Exchange Commission ("SEC") supporting the USAO's request.

        The USAO moved to intervene in this case on January 25, 2014 for the purpose of seeking to stay certain discovery. At the May 8, 2015 conference in this matter, the USAO "withdrew" its stay motion, conceding that it could not "make out a legal basis for our motion to stay based on the indefiniteness of the criminal trial." (Tr. of May 8, 2015 Conf. ("Tr.") at 12, 13.) The USAO, therefore, no longer has standing as a non-party to this action to seek to impose its preferences on a civil discovery schedule. Nevertheless, the USAO seeks a court order requiring the depositions of seven witnesses[1] to proceed only after Mr. Grout and Mr. Martin-Artajo have been deposed. The USAO provides no legal support nor any compelling reason to grant its request.

---

[1] Luis Buraya, Eric De Sangues, Ina Drew, Bruno Iksil, Achilles Macris, C.S. Venkatakrishnan and Alistair Webster.

First, the USAO fails to cite a single case in which criminal prosecutors were permitted to intervene in a civil proceeding solely to impose its preferences for the order in which civil depositions will proceed.

Second, even assuming the USAO can properly intervene for that purpose, the USAO offers no compelling reason for its unprecedented request. The only interest the USAO identifies is "preventing the defendants from tailoring their defense in the pending criminal case." (June 3, 2015 USAO Ltr. at 3.) Given that the seven depositions will take place before any criminal trial, regardless of the order of those depositions, it is far-fetched to claim that the order of the depositions alone will have some prejudicial impact on the criminal case.

The USAO also fails to make the particularized showing that the Court required at the May 8 conference. (*Tr.* at 20 ("[T]he burden is going to be on [the USAO] to explain to me why those witnesses are the witnesses that there is some compelling reason why they shouldn't be deposed before the defendants are deposed.")) In its letter, the USAO generically describes the purported importance of each witness to the case, but fails to offer any specific explanation as to why each witness must be deposed after the defendants.

At the conference, the Court also stated that, provided it receives certain representations regarding the defendants' depositions, it was unlikely to place any limitations on the timing of depositions. (Tr. at 16.) It remains Mr. Grout's intention to testify fully at a deposition in this case provided that the deposition takes place in France after the depositions of the disputed non-party witnesses.

The SEC's suggestion that judicial economy requires a deposition schedule in line with the SEC's preference that its witnesses get the last word during discovery is baseless. As part of its extensive investigation and coordination with other law enforcement agencies, the SEC had access to volumes of testimony transcripts and interview notes of all relevant witnesses in this case long before the Defendants obtained such access. The SEC's access included its attendance at full-length interviews, outside of the defendants' presence, of virtually every witness that has been or will be deposed in this matter, and taking its own depositions of certain witnesses. Thus, unlike the standard civil case, the SEC enters this discovery phase with a tremendous informational advantage.

Indeed, the only possible category of information one might imagine the SEC could need heading into civil discovery is the testimony of the charged defendants. Of course, the SEC cannot make such a contention here, because it obtained from the Financial Conduct Authority transcripts of Mr. Grout's four days of testimony before the FCA, and transcripts of Mr. Martin-Artajo's three days of testimony before the same body. The SEC also has 36 pages of typed notes from six days of interviews of Mr. Grout by attorneys for JPMorgan Chase & Co., and 50 pages of typed notes from two days of interviews with Mr. Martin-Artajo. Given this trove of information, it is hard to conceive of any explanation the SEC might offer to justify recalling seven witnesses for additional testimony if those witnesses are deposed before the defendants.

By contrast, it is the defendants who are facing serious charges leveled by the SEC and the decision whether to waive Fifth Amendment rights. The Defendants have not had the access to these witnesses that the SEC had during its investigation. It is time for the Defendants to hear what these witnesses have to say that forms the basis for the SEC's charges. It is vital that Messrs. Grout and Martin-Artajo have a full understanding of the complete factual record before their depositions so that their testimony can address the key issues and events of the case. Accordingly, we respectfully request that the Court reject the USAO's request to insert its preferred discovery schedule into this civil proceeding.

Respectfully submitted,

Edward J.M. Little