

Norton Rose Fulbright US LLP
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
United States

**Bill Leone**
**Partner**
Direct line +1 212 318 3324
william.leone@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

June 25, 2015

**VIA ECF**

The Honorable George B. Daniels
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *SEC v. Javier Martin-Artajo and Julien Grout*, Case No. 13-Civ-5677 (GBD) (MD)

Dear Judge Daniels:

We represent Defendant Javier Martin-Artajo in the referenced action. We join in the letter dated June 25, 2015 from counsel for Defendant Julien Grout, filed in response to the letters dated June 3, 2015 from the United States Attorney's Office (the "USAO") and June 19, 2015 from the plaintiff Securities and Exchange Commission ("SEC"). The USAO, a non-party, seeks to delay the depositions of seven individuals[1] whom the USAO claims are central to its criminal case, until after the Defendants are deposed. For the reasons noted in Mr. Grout's letter, we oppose the USAO's request on the grounds that the USAO has no standing and has failed to provide any legitimate basis to insert itself into the discovery process in this case under the present setting.

Like Mr. Grout, Mr. Martin-Artajo fully intends to submit to a deposition in this case and testify to the facts, subject to his Fifth Amendment rights. At this stage, Mr. Martin-Artajo asks only that he be entitled to conduct an examination of the USAO's and SEC's key witnesses, all of whom the Government has met with and interviewed, to better understand what they will say before Mr. Martin-Artajo decides to (1) waive his Fifth Amendment rights and (2) sit for his own deposition. This sequence of depositions does not impair, even slightly, the Government's legitimate interests. To require otherwise would provide the Government with a third and fourth bite at the apple and simply multiply its already substantial tactical advantage.

---

[1] Luis Buraya, Eric de Sangues, Ina Drew, Bruno Iksil, Achilles Macris, C.S. Venkatakrishnan, and Alistair Webster.

54060868

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com

We also would like to update the Court on the progress made in discovery since the May 8, 2015 conference. Since that time, the Defendants have deposed seven additional third-party witnesses. On May 22, the SEC produced the transcripts of interviews conducted by the U.K. Financial Conduct Authority (the "FCA") of Bruno Iksil, Jason Hughes, Achilles Macris, Eric de Sangues, and Alistair Webster, and Ms. Drew's SEC deposition testimony. We have recently learned in discovery that the FCA interviewed other individuals with relevant information, and that counsel for JPMorgan Chase & Co. ("JPMorgan") has copies of some of these interview transcripts. We, and the SEC, have asked JPMorgan's counsel to produce these transcripts, but they advised that the FCA has asked that they not be disclosed to us. We are considering how to address the issue of the additional FCA transcripts and may need to seek the Court's guidance in the future.

Since May 8, we have tried to schedule additional depositions over the next several months, but have met with resistance to scheduling any until late August. We are continuing to meet and confer with the SEC and counsel for JPMorgan, who represents many of the important witnesses in this case. We are prepared to agree to a schedule with dates for the Defendants' depositions to be taken in their home countries of Spain and France, and the next 25 depositions, including the witnesses on the USAO's list of seven, that would address the USAO's concerns, while preserving the Defendants' Fifth Amendment rights. To this end, we enclose a proposed Amended Civil Case Management Plan and Scheduling Order for the Court's review. With the exception of the USAO's requested relief and the parties' dispute concerning the place of the Defendants' depositions,[2] the parties otherwise appear to be in agreement on the proposed scheduling order.

In sum, we respectfully submit that the USAO's request should be denied. If satisfactory to the Court, we also respectfully request that the Court sign the attached proposed Amended Civil Case Management Plan and Scheduling Order. Should the Court require additional information, please let us know. We thank the Court for its consideration.

Respectfully submitted,

Bill Leone

Attachment

cc:     All Counsel of Record

---

[2] Our position on this subject is set forth in our May 1, 2015 letter to the Court.

54060868