

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Edward J.M. Little
Direct Dial: 212-837-6400
little@hugheshubbard.com

October 19, 2015

**VIA ECF AND EMAIL**

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

      Re:    *Securities and Exchange Commission v. Javier Martin-Artajo and Julien G. Grout*, Case No. 13-Civ-5677 (GBD)

Dear Judge Daniels:

      We represent Julien Grout, a defendant in this SEC enforcement action, and write in anticipation of the conference scheduled for next Wednesday, October 21, 2015.  The SEC has just recently served us with a notice of deposition of our client for March 21 through March 25, 2016—five months from now—and specified the place of deposition for New York.  They did not, as suggested by the Court at our previous conferences, speak to us about the time or place of deposition before noticing it.

      As we previously established, Mr. Grout is in France legally and has every right to have his deposition taken there pursuant to the Hague Convention.  It is a well-established presumption that the deposition of a non-resident defendant is to be conducted where the defendant resides.  *Dagen v. CFC Grp. Holdings Ltd.*, No. 00 Civ. 54682 (CMB), 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003); *Six West Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001); *Fed. Deposit Ins. Co. v. La Antillana, S.A.*, No. 88 Civ. 2670 (JFK), 1990 WL 155727, at *1 (S.D.N.Y Oct. 5, 1990); *SEC v. Heider*, No. 90 Civ. 4636 (CSH), 1990 WL 129181, at *1 (S.D.N.Y. Aug. 31, 1990).  For the SEC to overcome that presumption, it would have to meet the affirmative burden of demonstrating peculiar circumstances which compel the Court to depart from the general rule and order the deposition to be held in another location.  *Dagen*, 2003 WL 21910861, at *2; *Six West Retail Acquisition*, 203 F.R.D. at 107; *Fed. Deposit Ins. Co.*, 1990 WL 155727, at *1.  No such peculiar circumstances exist here.

Hon. George B. Daniels  
October 19, 2015  
Page 2

  The SEC knows that Mr. Grout, a French citizen, who is married and supporting his wife and two young daughters with a job in France, cannot come to New York for a deposition. If he were to do so, he would certainly be arrested on criminal charges in the parallel case and detained here. The SEC is obviously pursuing the cynical tactic of forcing a default.

  First of all, the SEC has failed to follow the Court's direction on this issue. The parties addressed it in detail when they exchanged letters to the Court before the May 8th status conference. (See attached Exhibits A–E.) After discussion at the conference, Your Honor indicated that the parties should try to "see if you can come up with something that is agreeable to all sides." (Tr. of May 8, 2015 Status Conference at 12:1-3, attached as Exhibit F.) Nonetheless the SEC went ahead and served their notice of deposition of our client by email without ever discussing with us the date, the duration and—most importantly—the location of the deposition.

  This tactic is not only improper; it is unnecessary and should not be condoned. As we advised the Court and counsel, our client is ready, willing and able to testify in France pursuant to the regular procedures of the Hague Convention. By the time of his deposition, the parties will have prepared for and taken over 25 depositions of others, as well as completed exhaustive review and analysis of the massive amount of documents in this case. All of that would be rendered useless and go to waste if the SEC were permitted to obtain a default judgment just because they do not get their way having our client's deposition taken in New York. This is no way to litigate a case fairly, and it would violate a cardinal principle in this Circuit that cases should be tried on their merits.

  As the Court knows, having just recently authorized an application under the Hague Convention for Bruno Iksil's deposition in the related shareholder litigation (Exhibit G), the Convention is a routine way to facilitate the taking of evidence in foreign countries. Taking this standard route would not unduly delay discovery, given that there is plenty of time to get this done before the dates the SEC has noticed for Mr. Grout's deposition. Indeed, anticipating the need for such an application for our client, we have already started to prepare the necessary papers and can submit them shortly. It will not be an undue burden for the SEC to take the deposition in France, given the fact that the SEC has been traveling to London in this case for years—most recently for the deposition of Tushar Morzaria, which the SEC itself noticed for London—and then for the deposition, that of Daniel Pinto, which the SEC scheduled for December in London. It is not for the SEC to complain about these comparatively incidental expenses in this complicated case when they decided to sue two foreign nationals, our client Julien Grout, a French citizen, and his codefendant Javier Martin-Artajo, a Spanish citizen for conduct that occurred exclusively in London. Further, the SEC's main witness, the cooperator Bruno Iksil, is a French citizen, who lives in France.

Hon. George B. Daniels
October 19, 2015
Page 3

The issue is simple and should not require further briefing. The law is clear, absent peculiar circumstances, which are certainly not present on this set of facts, our client Julien Grout is entitled to have his testimony taken in France.

Respectfully submitted,

*/s/ Ed Little (AMB)*

Edward J.M. Little

cc (by email):   William Leone, Esq. and Felice Galant, Esq. (counsel for Mr. Martin-Artajo)
Nicholas Pilgrim, Esq. and Howard Fischer, Esq. (for the SEC)