^
NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
666 Fifth Avenue, 31st Floor
New York, New York  10103-3198
United States

May 20, 2016

Bill Leone
Partner
Direct line +1 212 318 3324
william.leone@nortonrosefulbright.com

**BY HAND**
The Honorable George B. Daniels
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:   *SEC v. Javier Martin-Artajo and Julien G. Grout*, Case No. 13-Civ-5677 (GBD):
      Discovery Update and Request for Relief Concerning Discovery Dispute

Dear Judge Daniels:

We represent Defendant Javier Martin-Artajo.  We write to update the Court on the status of discovery, to respond to the letter from counsel for nonparty Bruno Iksil, dated May 9, 2016, and to request certain relief regarding discovery.  Defendant Julien Grout joins in this letter.

**The Depositions of the Defendants**

The deposition of Mr. Grout was recently completed, over nine days, from May 2 through May 12, 2016, in Paris, France.   Mr. Grout was examined by plaintiff Securities Exchange Commission ("SEC") for five days.  Mr. Grout's counsel examined him for three days.  The parties were able to close their questioning with a short follow up examination on the morning of the ninth day.  Although each deposition day fell short of a full seven hours of transcript time, most of the days were full trial days beginning at 9:30 and ending at 5:30.

Mr. Martin-Artajo's deposition is scheduled to begin on June 8, 2016 in Madrid, Spain.  The parties have arranged for his testimony to be taken at a neutral location, the Madrid Court of Arbitration.  Based on our estimate of the duration of Mr. Marin-Artajo's direct examination, and the SEC's request, we have reserved eight days for Mr. Martin-Artajo's deposition.

The depositions of the Defendants are being conducted in accordance with the Court's instruction that we assume this will be the Defendants' trial testimony. Dkt. No. 101 at 29:9-11.  The Defendants respectfully asked the Court to reserve ruling on whether they could attend the trial by video or teleconference and still hope to raise that issue at the appropriate time.  However, the working assumption that the Defendants may need to capture their full trial testimony by video, prior to the trial, affects the parties' approach to Mr. Iksil's deposition and impacts its duration as explained below.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

54182510

The Honorable George B. Daniels
May 20, 2016
Page 2

Following the completion of Mr. Iksil's deposition, and the depositions of the remaining embargoed witnesses, the Defendants anticipate that short rebuttal examinations of the Defendants will be needed.  The Court has previously indicated that if the SEC continued to insist that the Defendants give their trial testimony before the other key witnesses were deposed, that the Defendants should be permitted to give rebuttal deposition testimony following the depositions of the seven key witnesses identified by the SEC and the U.S. Attorney's Office ("USAO").  Dkt. No. 101 at 14:19-25 and at 28:9-13.  The depositions for the remaining embargoed witnesses are in the process of being scheduled, and no dates have been set for the rebuttal testimony of the Defendants.

**The Deposition of Bruno Iksil**

Mr. Iksil, the London Whale and chief trader of the JPMorgan Chase & Co. portfolio at issue (the "SCP"), is scheduled to be deposed the week of September 12, 2016.  This will be the first opportunity that the Defendants will have to hear Mr. Iksil's testimony, aside from the one day of limited testimony taken before the U.K. Financial Conduct Authority.[1]  Mr. Iksil supervised one defendant, Mr. Grout, and reported to the other, Mr. Martin-Artajo.  As a result, there are numerous conversations and written correspondence that occurred between Mr. Iksil and one of the defendants, but not the other.  Therefore, there will be less overlap between the co-Defendants' examination than might otherwise be the case.

As counsel for Mr. Iksil knows, it took months and months of requests for the SEC and Mr. Iksil's counsel to answer the question of whether Mr. Iksil, a resident of France, would travel to New York for his deposition.  During these discussions, the Defendants made clear that they would need four to four and a half days for Mr. Iksil's deposition.  The SEC indicated that it would need some time as well, but far less than the time needed for the Defendants.  Based on those discussions, the parties agreed that they would request five days for Mr. Iksil's testimony. The SEC took the lead on arranging the attendance of its cooperating witness for his deposition by the Defendants.

On November 24, 2015, the SEC noticed Mr. Iksil's deposition to take place over the five-day period of June 13-17, 2016.  Exhibits 1 and 2.  In the email accompanying the notice of subpoena to Mr. Iksil with this five-day period, the SEC stated: "we spoke today to counsel for Mr. Iksil who has confirmed that the witness will come to New York for his deposition.  Thus, please find attached the notice of deposition for Mr. Iksil.  Obviously, the dates assume that the depositions of the defendants have been taken before then, and are subject to postponement should that prove not to be the case."  Exhibit 3.  No objection was raised by any party or witness to a five day deposition.

Due to the scheduling of other depositions, Mr. Iksil's deposition was postponed beyond the June dates and the SEC again took the lead to arrange a new date.  On April 4, 2016, the SEC advised that Mr. Iksil was available for his deposition during the week of September 12, 2016 -- for five days.  The SEC represented that it proposed this new week after consultation with Mr. Iksil's

---

[1]  By contrast, Mr. Grout testified before the FCA for four full days, and Mr. Martin-Artajo did so for three full days.

The Honorable George B. Daniels
May 20, 2016
Page 3

counsel. The SEC also advised, for the first time, that the SEC would need three days of testimony from Mr. Iksil, and asked how much time the Defendants needed. The Defendants responded that, as had been discussed previously, they would need five days, as between them. The SEC had a conflict the following week, but agreed to allow the Defendants their requested days and proposed the week of September 26, 2016 for the SEC's examination. Exhibit 4.[2]

On April 28 and 29, 2016, Mr. Iksil's counsel advised the parties that they were not required to produce Mr. Iksil for more than seven hours, but eventually offered to produce Mr. Iksil for a total of two to three days of testimony. The Defendants objected and asked for the original number of days that had been agreed. No agreement could be reached and an exchange of letters followed. Exhibits 5 and 6.

The length of time offered by Mr. Iksil's counsel is clearly insufficient. The significance of Mr. Iksil's testimony cannot be overstated. The SEC's entire theory of the case depends on what Mr. Iksil will say at deposition and later at trial. The SEC's case alleges that the value of the positions in the SCP were mismarked and that the mismarking was concealed from upper management at JPMorgan. Mr. Iksil occupied the fulcrum of all communications relating to the SCP. Discovery to date indicates that he personally marked or directed the entry of the exact marks in question. Therefore, his instructions to Mr. Grout and the basis for them is key to Mr. Grout's defense. Mr. Iksil also prepared and presented numerous presentations to senior management, including Mr. Martin-Artajo, about the SCP. Therefore, the content, statements, omissions and circumstances of these communications are central to Mr. Martin-Artajo's defense.

Mr. Iksil ran the SCP (the only portfolio at issue) and calculated, participated in, was aware of, and directed the supposed mismarks in the SCP that form the basis of the claims against the Defendants. His name appears on most of the exhibits used and anticipated in both the Defendants' depositions (numbering approximately 350), and he appears as the speaker on dozens of lengthy recorded calls and chats, many of those in French. His prior testimony with the FCA, either by design or by chance, touches only a fraction of the communications with which he was involved.

There has never been any meaningful dispute between the parties about the importance of Mr. Iksil's testimony, or its quantity. As the SEC told the Court at the October 21, 2015 hearing, this case involves the alleged mismarking of "several hundred positions," which it referred to as the "core of the case." The SEC further told the Court that the amount of time necessary to depose each defendant about the "core of the case" was "five days total for each of the defendants." Dkt. No. 101 at 15:14 –19 and 16:1-3. Mr. Iksil was in a position to know and influence what both the Defendants knew and understood and, by all rights, should be a longer witness than either Defendant. However, he is not the first witness in the case and the Defendants believe they can capture what they need in 5 days.

---

[2] The SEC later contradicted this position by stating "[i]t was our original understanding that Mr. Iksil's deposition would last no longer than a week." Exhibit 5.

The Honorable George B. Daniels
May 20, 2016
Page 4

This case is unlike any case cited by Mr. Iksil's counsel[3] and unlike the standard case contemplated by the default rules of civil procedure that govern the duration of depositions. There is no blame to be assigned to the Defendants for that either. Mr. Martin-Artajo voluntarily surrendered to the Spanish authorities. On April 23, 2015, the National Court of Spain, Criminal Division, ruled in favor of Mr. Martin-Artajo with respect to extradition. Mr. Martin-Artajo, a Spanish citizen residing in Spain, has now been adjudicated as being within his rights not to be returned to the U.S. for criminal prosecution. The Spanish government did not appeal the ruling, and on May 11, 2015, it became final. Mr. Grout is similarly well within his rights as a French citizen to reside in France, where he can provide a home, income, and medical insurance to his young family. Had any extradition proceedings been initiated in France, Mr. Grout would have certainly appeared to address those proceedings. Both Mr. Martin-Artajo and Mr. Grout have fulfilled their duties as litigants. They accepted service of the Complaint, retained counsel, answered the Complaint, will appear for and testify at their depositions (for 8 and 9 full days, respectively), produced all documents requested, and haves sought to defend their rights in every way available to them within reason.

Mr. Iksil's request would deny the Defendants fundamental due process. The cornerstone of due process is notice of the charges and an opportunity to be heard. Here, the only effective way to confront the charges and evidence against them is for the Defendants to know what the Government's chief cooperator will say before trial. Because the Court has asked us to assume that the Defendants will not be allowed to attend the trial remotely, they will have only one opportunity to rebut Mr. Iksil's claims, at their videotaped rebuttal testimony. Therefore, the Defendants' counsel must extract from Mr. Iksil in advance of trial everything he is likely to say at trial. In fact, because Mr. Iksil is outside the subpoena power of the Court, and the Defendants have no means to require his appearance at trial, the Defendants must elicit any and all testimony from Mr. Iksil they intend to present at trial. The Defendants expect that Mr. Iksil will provide a substantial amount of exculpatory evidence for the defense, and they cannot rely on the SEC to call Mr. Iksil at trial.

The SEC, on the other hand, has no incentive, or even a need, to fully develop Mr. Iksil's testimony at his deposition, either as a discovery tool or as preservation of trial testimony of a foreign witness. If the SEC would like more time with Mr. Iksil, it can ask him for it. And if they want him to appear at trial, they can demand it. Under his cooperation agreement, he must comply. Exhibit 7. In fact, the SEC's right to ask for Mr. Iksil's time to discuss the case is virtually infinite. This agreement provides:



---

[3]     It is also unlikely that decisions or accommodations on the length of particular depositions in a litigation are typically noted in written court decisions. For example, there is no written opinion in this case to demonstrate that Mr. Grout's deposition was to last close to two weeks, but it most certainly happened.

The Honorable George B. Daniels
May 20, 2016
Page 5



The Court gave the Defendants the important right to provide rebuttal testimony to the testimony of the Government's seven key witnesses, including Mr. Iksil. Dkt. No. 101 at 28:9-13. The Defendants need to hear what the SEC's chief witness has to say for that right to be effective and meaningful.

Fundamental fairness warrants that the parties proceed as they originally contemplated -- with the defense having five days to depose Mr. Iksil and the SEC having the time it believes it needs. Dkt. No. 101 at 29:22-30:5 (The Court: "I'm going to be ensuring whether or not this is a fair process and that it will be a situation where either the Court or a jury can just decide this case on its merits as it's presented through the witnesses and the documents and exhibits."). Although we doubt it will want to expose its witness to further examination at his deposition, the SEC can petition the Court if it believes it will need more time to complete Mr. Iksil's deposition. The Defendants have not objected to the time requested by the SEC, as long as we receive the five days we need to fully explore Mr. Iksil's knowledge and involvement in the case.

Based on the foregoing, we respectfully request that the Court deny Mr. Iksil's request to limit the length of his deposition and, instead, order that Mr. Iksil be available for up to five days for the Defendants' examination, as originally agreed.

We thank the Court for its consideration. Should the Court require any additional information, please let us know.

Respectfully submitted,

Bill Leone / FG

Bill Leone

cc: Via Email to Counsel for Plaintiff, Co-Defendant and Counsel for Mr. Iksil

54182510

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES AND EXCHANGE COMMISSION, :
                                                                    :
                              Plaintiff,                            :
                                                                    :    No. 13 Civ. 5677 (GBD)(MHD)
                    v.                                               :
                                                                    :
JAVIER MARTIN-ARTAJO and JULIEN G. GROUT, :            **NOTICE OF DEPOSITION**
                                                                    :
                              Defendants.                           :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO:  Edward J.M. Little, Esq.              Bill Leone, Esq.
     Marc A. Weinstein, Esq.               Felice B. Galant, Esq.
     John McGoey, Esq.                     Fulbright & Jaworski LLP
     Hughes Hubbard & Reed LLP             666 Fifth Avenue, 31st Floor
     One Battery Park Plaza                New York, NY 10103
     New York, New York 10004             email:william.leone@nortonrosefulbright.com
     email:marc.weinstein@hugheshubbard.com
     **Counsel for Julien G. Grout**           **Counsel for Javier Martin-Artajo**


     **PLEASE TAKE NOTICE** that, pursuant to Rules 26, 30 and 45 of the Federal Rules of

Civil Procedure, plaintiff Securities and Exchange Commission ("SEC"), by and through its

attorneys in the Division of Enforcement, shall take the testimony by deposition upon oral

examination of Bruno Iksil, before an officer duly authorized to administer oaths, on June 13,

2016 at 9:30 a.m., and continuing thereafter until June 17, 2016 at 6:00 p.m., at the offices of the

SEC located at Brookfield Place, 200 Vesey Street, Ste. 400, New York, NY 10281.  You are

invited to attend and participate in the taking of said deposition.


Notice of Deposition – Bruno Iksil

**PLEASE TAKE FURTHER NOTICE** that this examination shall be recorded by stenographic means and videotaped, pursuant to Rule 30(b)(3)(A).

DATED:    New York, New York          SECURITIES & EXCHANGE
          November 24, 2015            COMMISION

                                       s/ Howard Fischer
                                       By:  Howard Fischer

                                       SEC
                                       Brookfield Place
                                       200 Vesey Street, Ste. 400
                                       New York, New York 10281
                                       Tel: (212) 336-0589
                                       Email: fischerh@sec.gov

                                       *Counsel for Plaintiff Securities & Exchange
                                       Commission*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF DEPOSITION

to Bruno Iksil has been served upon the following by email this 24th day of November 2015:

Edward J.M. Little, Esq.
Marc A. Weinstein, Esq.
John McGoey, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
email:marc.weinstein@hugheshubbard.com
*Counsel for Defendant Julien G. Grout*

Bill Leone, Esq.
Felice B. Galant, Esq.
Fulbright & Jaworski LLP
666 Fifth Avenue, 31st Floor
New York, NY 10103
email: william.leone@nortonrosefulbright.com
*Counsel for Defendant Javier Martin-Artajo*

SECURITIES & EXCHANGE
COMMISION

s/ Howard Fischer
By: Howard Fischer

SEC
Brookfield Place
200 Vesey Street, Ste. 400
New York, New York 10281
Tel: (212) 336-0589
Email: fischerh@sec.gov

*Counsel for Plaintiff Securities & Exchange
Commission*

3

# EXHIBIT 2

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Securities and Exchange Commission | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   13-Civ. 5677 (GBD) |
| Javier Martin-Artajo, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            Bruno Iksil c/o BakerHostetler
Washington Square, 1050 Connecticut Avenue, N.W., Suite 1100, Washington, DC 20036-5304
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   SEC<br>Brookfield Place, 200 Vesey Street., Ste. 400<br>New York, NY 10281 | Date and Time:<br>      06/13/2016 9:30 am |
|---|---|

The deposition will be recorded by this method:    Videographer and Court Reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/24/2015

|            *CLERK OF COURT* | |
|---|---|
| | OR            |
| | s/ Howard Fischer |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff SEC
                                                   , who issues or requests this subpoena, are:

Howard Fischer; SEC, Brookfield Place, 200 Vesey St., Ste. 400, New York, NY 10281
fischerh@sec.gov; 212-336-0589

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 13-Civ. 5677 (GBD)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 3

## Galant, Felice

| | |
|---|---|
| **From:** | Fischer, Howard <FischerH@SEC.GOV> |
| **Sent:** | Tuesday, November 24, 2015 2:45 PM |
| **To:** | Little, Edward J.M.; Pilgrim, Nicholas; Weinstein, Marc A. (marc.weinstein@hugheshubbard.com); Galant, Felice; Leone, Bill |
| **Cc:** | 'New, Jonathan B. (jnew@bakerlaw.com)' |
| **Subject:** | RE: Place of Iksil's deposition |
| **Attachments:** | Iksil Subpoena.pdf; Notice of Deposition - Bruno Iksil.pdf |

Ed:

After receiving your email, we spoke today to counsel for Mr. Iksil who has confirmed that the witness will come to New York for his deposition. Thus, please find attached the notice of deposition for Mr. Iksil. Obviously, the dates assume that the depositions of the defendants have been taken before then, and are subject to postponement should that prove not to be the case.

Howard

**From:** Little, Edward J.M. [mailto:edward.little@hugheshubbard.com]
**Sent:** Tuesday, November 24, 2015 10:56 AM
**To:** Fischer, Howard; Pilgrim, Nicholas
**Cc:** 'New, Jonathan B. (jnew@bakerlaw.com)'
**Subject:** Place of Iksil's deposition

Howard & Nick, I understand that Iksil has a cooperation agreement with the SEC and could come to NY if noticed for deposition here. Is it now clear that he will come here at your request? I don't know why we can't get an answer on this. Is he or is he not coming?

The reason I am pressing on this is obvious: A Hague application takes time and can complicate things. If there is some reason (which frankly we cannot imagine) that he cannot or will not come, you should tell us now. We shouldn't have to trouble Judge Daniels with a simple issue like this.

Please respond.

Thanks & regards, Ed.

**Edward J.M. Little** | Partner
Chair, White Collar Defense; Co-Chair, Securities Litigation

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza | New York, NY 10004-1482
Office +1 (212) 837-6400 | Cell +1 (917) 817-9737 | Fax +1 (212) 299-6400
edward.little@hugheshubbard.com | bio

This message and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this message in error please notify the sender by email and destroy all copies of this message in your possession, custody or control.

# EXHIBIT 4

## Galant, Felice

| | |
|---|---|
| **From:** | Fischer, Howard <FischerH@SEC.GOV> |
| **Sent:** | Friday, April 08, 2016 4:17 PM |
| **To:** | Little, Edward J.M. |
| **Cc:** | Galant, Felice; Pilgrim, Nicholas; Leone, Bill; Weinstein, Marc A.; McGoey, John; Cannon, Lista (NRFLLP); Harris, David (NRFLLP) |
| **Subject:** | RE: Bruno Iksil's Deposition |

Ed,

We're not sure what the problem is. It appears that there was some mix-up about the length of the deposition and while we do not agree with certain of your characterizations, it appears all the parties have agreed to a two week length – although given that Mr. Iksil, unlike the parties, will be available for trial, it could certainly be argued that a shorter length would be more appropriate. As to when, we believe that we can complete the deposition in September, with the defendants deposing Mr. Iksil during the first week the week of September 12, 2016, and the follow on week with the SEC's cross-examination to be held the week of September 26, 2016.  This way we can complete him before your scheduled vacation, and without allowing the witness a break during the defense examination.

Regards,

Howard

**From:** Little, Edward J.M. [mailto:edward.little@hugheshubbard.com]
**Sent:** Friday, April 08, 2016 1:42 PM
**To:** Fischer, Howard
**Cc:** Galant, Felice; Pilgrim, Nicholas; Leone, Bill; Weinstein, Marc A.; McGoey, John; Cannon, Lista (NRFLLP); Harris, David (NRFLLP)
**Subject:** Re: Bruno Iksil's Deposition

Howard, have you responded to this?  Traveling but didn't see any response. Thanks, Ed.

**Edward J.M. Little** | Partner
Chair, White Collar Defense; Co-Chair, Securities Litigation

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza | New York, NY 10004-1482
Office +1 (212) 837-6400 | Cell +1 (917) 817-9737 | Fax +1 (212) 299-6400
edward.little@hugheshubbard.com | bio

This message and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this message in error please notify the sender by email and destroy all copies of this message in your possession, custody or control.

On Apr 5, 2016, at 8:50 PM, Little, Edward J.M. <edward.little@hugheshubbard.com> wrote:

We never agreed to such a short deposition of the major witness in this case, and it should proceed like all depositions from day to day until completed.  Did you really think for one moment that his deposition should be shorter than our

1

clients'? Further I find it hard to believe you have anything more important than this that would prevent the completion of his deposition. I have a prepaid long-delayed (because of your deposition of our clients) vacation with my wife and daughters starting in October. We can and must finish Iksil before that. Finally, it would be an improper tactical advantage to permit your witness a "break" during our cross-examination. That is just not done.

On Apr 5, 2016, at 8:43 PM, Fischer, Howard <FischerH@SEC.GOV> wrote:

Felice:

It was good speaking with you earlier this morning. I wanted to confirm our discussion earlier, although we understand you need to hear back from Bill on several items.

?   Deposition of Bruno Iksil. As we had initially discussed, we understood from you and Bill that Mr. Iksil's deposition would proceed the week of September 12, 2016 and would conclude September 16, 2016, which is what we had conveyed to Mr. Iksil's counsel. Now, several weeks after that initial discussion, you advise us that defendants (in total) would like to reserve five days just for their examination. Unfortunately, I have commitments the following week, which might necessitate us having the SEC portion of the examination scheduled at a later time, ideally in the month of September (depending, of course, on the availability of all counsel).

?   The SEC can be available during the weeks of July 11, July 18, and August 1 to conduct depositions of any of the following witnesses:



?   We would also be amenable to doing one or more of the above-listed depositions in late September as well.

?   We understand that Bill might not be available for part of that time; please confirm whether any of the contemplated depositions can go forward in his absence. We will assume that if none of the dates we proposed are agreed to, it will be because you have decided Bill's presence is required for all of these witnesses, but we believe we should go forward if the dates otherwise work for other parties.

?   With respect to the so-called embargoed witnesses, the SEC will reach out to counsel for ▓▓▓▓▓▓▓▓▓ , and ▓▓▓▓▓▓▓▓ to see if they would be willing to come to NYC. We will also liaise with WilmerHale with respect to potential dates for ▓▓▓▓ , ▓▓▓▓▓▓▓ , and ▓▓▓▓▓ .

?   You have also stated that you are considering whether to apply for additional time to depose ▓▓▓▓▓▓▓ and ▓▓▓▓▓ .

Regards,

Howard

**From:** Galant, Felice [mailto:felice.galant@nortonrosefulbright.com]
**Sent:** Tuesday, April 05, 2016 1:13 PM
**To:** Pilgrim, Nicholas; Fischer, Howard
**Cc:** Leone, Bill; 'Little, Edward J.M.'; Weinstein, Marc A.; McGoey, John; Cannon, Lista (NRFLLP); Harris, David (NRFLLP)
**Subject:** Bruno Iksil's Deposition

Howard and Nick,

I have discussed the issue with Hughes Hubbard and our team, and we are going to need to reserve 5 days for the defense portion of Mr. Iksil's deposition. I will get back to you shortly on our availability during the weeks of July 11, 18 and August 1, for the additional depositions the SEC intends to notice, specifically, █████████████████, and █████████. Thanks.

Best regards,
Felice

**Felice Galant**
Norton Rose Fulbright US LLP
666 Fifth Avenue, New York, New York 10103-3198, United States
Tel +1 212 318 3049 | Fax +1 212 318 3400
felice.galant@nortonrosefulbright.com

NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

# EXHIBIT 5

**Galant, Felice**

| | |
|---|---|
| **From:** | Pilgrim, Nicholas <pilgrimn@SEC.GOV> |
| **Sent:** | Friday, April 29, 2016 3:39 PM |
| **To:** | Leone, Bill; 'jnew@bakerlaw.com' |
| **Cc:** | Little, Edward J.M. (edward.little@hugheshubbard.com); Weinstein, Marc A. (marc.weinstein@hugheshubbard.com); Galant, Felice; Cannon, Lista (NRFLLP); Fischer, Howard |
| **Subject:** | Re: Bruno Iksil's deposition |

\* References to Mr. Grout in the last paragraph of the email below should be to Mr. Iksil.

Sent from my BlackBerry 10 smartphone.

---

**From:** Pilgrim, Nicholas
**Sent:** Friday, April 29, 2016 3:10 PM
**To:** Leone, Bill; 'jnew@bakerlaw.com'
**Cc:** Little, Edward J.M. (edward.little@hugheshubbard.com); Weinstein, Marc A. (marc.weinstein@hugheshubbard.com); Galant, Felice; Cannon, Lista (NRFLLP); Fischer, Howard
**Subject:** RE: Bruno Iksil's deposition

We are writing to briefly correct the factual record with respect to some of the assertions in Mr. Leone's email that directly attribute or imply positions taken by the SEC in this matter. We reserve for a later date the opportunity to provide a more comprehensive response.

There was no original "understanding that that [sic] [defendants] would use at least 4 full days, and part of a fifth and that the SEC would not be asking extensive questioning [sic] of its own witness." Indeed, on its face, that proposal is dubious to everyone who knows how deposition time has been divided throughout this case. It was our original understanding that Mr. Iksil's deposition would last no longer than a week. The SEC has never said that we "need an entire week for [our] own questioning" although, of course, we wish to reserve some time for our own questioning.

Please also note that there is no conflict between the SEC's position regarding the appropriate length of defendants' **depositions + trial testimony** and the position of Mr. Grout's counsel concerning the length of his **deposition**. Because defendants are fearful of coming to the United States where they would have to answer for their criminally-charged misconduct, they have requested and obtained permission to have their depositions occur overseas. These depositions will constitute both fact discovery depositions as well as their trial testimony due to defendants' refusal to travel to the United States for trial. It, therefore, makes eminent sense that these 2-for-1 depositions for defendants will last much longer than a separate deposition of a witness who will be appearing physically at trial. The analogy between the defendants' situation and Mr. Grout's that Mr. Leone attempts to apply compares apples and rutabagas.



Nicholas A. Pilgrim

1

Senior Trial Attorney
**U.S. Securities and Exchange Commission
Division of Enforcement, New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022
(212) 336-0924
pilgrimn@sec.gov**

---

**From:** Leone, Bill [mailto:william.leone@nortonrosefulbright.com]
**Sent:** Friday, April 29, 2016 1:28 PM
**To:** 'jnew@bakerlaw.com'
**Cc:** Little, Edward J.M. (edward.little@hugheshubbard.com); Weinstein, Marc A. (marc.weinstein@hugheshubbard.com); Galant, Felice; Cannon, Lista (NRFLLP); Pilgrim, Nicholas; Fischer, Howard
**Subject:** Bruno Iksil's deposition

Jon,

      Thank you for your call today and for confirming that the September dates for Bruno's deposition are confirmed. With respect to the duration issue, I haven't been able to review our discussion with Ed Little yet. However, I am copying him on our position set forth in this email and he can weigh in as appropriate. I wanted to make sure that our position and the reasons for it are clear.

      You first argued that his deposition should last 7 hours. That is, of course, patently unreasonable in a case like this.

1. Bruno is the most important witness (and based on the depositions to date likely the only witness) the SEC will proffer on the central issues in the case. Bruno's immunity agreement with the Government puts him in a unique position.

2. Bruno's knowledge covers or touches every aspect of the case. His involvement in hundreds of conversations, and his authorship or receipt of hundreds of relevant emails, and what he knew or meant when he spoke and wrote certain words will be central to understanding his testimony. He traded hundreds of billions of dollars worth of complex Credit Default swaps over a 4 year period and was the portfolio manager of the SCP.

3. The time needed to conduct a reasonable deposition is confirmed by a review of his FCA testimony. I have studied his FCA transcript, which lasted an entire day and there were entire subjects that were never addressed. I estimate that the FCA inquired about less than 25% of the universe of relevant facts. Moreover, his testimony often relates to each co-defendant, thus requiring examination by both parties and the SEC (according to them). His answers are often long and rambling, which is also a factor in estimating how long his deposition will take. His availability at trial is completely outside our control as well. We have no ability to subpoena him to the trial or compel his attendance.

4. You mentioned that this is just a discovery deposition. But, it is not. Judge Daniel is permitting our clients to submit their trial testimony by deposition and has permitted us time, following Mr. Iksil's deposition, to take rebuttal testimony. Given that Mr. Iksil can be made to appear at trial by the SEC, we cannot depend on them to elicit his full testimony to which our clients will need to respond. Therefore, we will be required to fully discover his trial testimony before the close of discovery so that we can capture the necessary rebuttal testimony from the defendants. It is unreasonable to impose the same limitations on a deposition that is intrinsically linked to trial testimony as it would be for a standard discovery deposition. In this case, even a discovery deposition would require more than a day.

      Given that a 7 hour limitation would be unrealistic and unfair in this case, you asked whether we could agree to 2 or at most 3 days. I appreciate the offer, but the answer to that question is also no. When we originally set aside one

week for Bruno's deposition it was with the understanding that that we would use at least 4 full days, and part of a fifth and that the SEC would not be asking extensive questioning of its own witness. We estimated that we would be able to complete our examination in sufficient time to permit them the short examination typically conducted by a party that has complete control over a favorable witness as is the case between the SEC and Mr. Iksil. It appears to us that Mr. Iksil is contractually obligated to appear where and when and for as long as the SEC might wish, and that he will be available to them at their request to be prepared, questioned and rehearsed. That makes it especially important for us to be able to conduct a thorough examination of him before trial. It makes setting aside time for the SEC to conduct a formal examination less important. However, they have been adamant that they want to question him on the record and are now saying they need an entire week for their own questioning. Therefore, I can only assume that whatever time we agree to, they will insist on reserving at least half of it. Therefore, if we were to agree to even a two day deposition, we would really be agreeing to limit our examination, for two defendants, to one day, and we would be required to split that. The math is simple and it makes clear that the limitations you are requesting are unworkable.

We are not being unreasonable. This is a complex case and your client, known publicly as the London Whale, is at the very heart of it. You also indicated that the SEC offered that it would not object to shortening his deposition to 2-3 days. I will be interested to see if that remains the case when we are before the Court. It is not my practice to involve lawyers in factual disputes. But, the SEC was adamant to Judge Daniels that the depositions of the defendants would require two weeks each to adequately cover the facts and issues of the case. I cannot fathom how they could ask the defendants to sit for two weeks and consent to Mr., Iksil being deposed in two days unless it is part of a cynical effort to prevent the defendants from preparing adequately for trial. That is also a subject I will want to address with Judge Daniel on May 19.

I understand that you may wish to file a motion with the Judge. I would encourage you to reconsider. This does not seem to me to be a difficult question. No reasonable person could believe that the defendants can fairly understand and discover Mr. Iksil's story in a few hours, or even in a day or a day and a half. We tried to be reasonable in our estimate of time and did not ask the court for multiple weeks, as the SEC did for the defendants. We cannot agree to shorten Mr. Iksil's deposition without jeopardizing our client's rights.

Regards
Bill

**Bill Leone** | Partner
Norton Rose Fulbright US LLP
666 Fifth Avenue, New York, New York  10103-3198, United States
Tel +1 212 318 3324 | Fax +1 212 318 3400
william.leone@nortonrosefulbright.com

## NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but

does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

# EXHIBIT 6

## Galant, Felice

| | |
|---|---|
| **From:** | New, Jonathan B. <jnew@bakerlaw.com> |
| **Sent:** | Friday, April 29, 2016 8:59 PM |
| **To:** | Leone, Bill |
| **Cc:** | Little, Edward J.M. (edward.little@hugheshubbard.com); Weinstein, Marc A. (marc.weinstein@hugheshubbard.com); Galant, Felice; Cannon, Lista (NRFLLP); Pilgrim, Nicholas (pilgrimn@SEC.GOV) (pilgrimn@SEC.GOV); Fischer, Howard (FischerH@SEC.GOV); Barr, Jonathan R. |
| **Subject:** | RE: Bruno Iksil's deposition |

Bill,

Thank you for your email explaining in more detail your insistence that Mr. Iksil sit for a two-week long discovery deposition – an extraordinary amount of time which would exceed the limit set by the Federal Rules of Civil Procedure by 9 days. Unfortunately, your email makes clear that further discussion among the parties will not resolve this dispute without the need for court intervention. I write briefly to clarify our position, while reserving a fuller discussion for the court. In addition, with regard to the portion of your email indicating that we confirmed dates for Mr. Iksil's deposition in September, we merely indicated that Mr. Iksil will be available for a deposition in September. However, we did not discuss, and have not yet agreed on, a specific date.

As I pointed out in our call today, Federal Rule of Civil Procedure 30(d)(1) explicitly limits the length of a deposition in civil cases to one day of 7 hours. This presumptive limit applies in all civil cases, even complex ones. In the absence of a stipulation, this limit can only be extended by court order for good cause shown. As Mr. Iksil has not stipulated to your excessively long two-week deposition proposal and you have neither sought nor obtained a court order for a two-week deposition of Mr. Iksil, the 7 hour limit of Rule 30(d)(1) remains in full effect.

We do not believe that the reasons you set forth in your email constitute good cause to extend Mr. Iksil's deposition by such a substantial amount. Mr. Iksil, who is a third party to this action residing in his native France, has agreed to travel to New York for the deposition and to conduct the deposition in English, which is not his first language, for the convenience of the parties and to expedite the proceedings. The relevant subject matter of his testimony covers a relatively brief period of time, spanning at most five months. We understand that you already have a transcript of his testimony before the FCA.

Unlike the defendants, Mr. Iksil is available to testify at trial and intends to appear if there is a trial in this action and he is called as a witness. His deposition is a standard discovery deposition as Judge Peck recently emphasized to the parties in this case. To the extent the defendants' depositions are the equivalent of their trial testimony, Judge Peck found "that is an issue of their own making." The fact that the defendants intend to skip the trial and submit their deposition testimony as trial testimony in no way gives them the right to insist that a third party witness be burdened with 9 days of examination in excess of the federally set limits on deposition testimony.

We are unaware of any case in which a court has granted an extension of the Rule 30(d)(1) limit for more than a day or two. If you have cases to support your request, please share them with us and we will consider them.

Nevertheless, as we discussed in our call, in the interest of avoiding needless litigation our client is willing to agree to a total deposition length of three days (21 hours) to be split among the parties as they see fit. This is more than a reasonable accommodation. It is three times the presumptive length for a civil deposition. It is our understanding that the SEC does not oppose this limit.

While you have already made your position clear, we ask that you reconsider and agree to our proposal.   In the absence of your agreement, we will request a pre-motion conference with the Court.

Best regards,
Jon


**Jonathan New**
Partner

BakerHostetler
45 Rockefeller Plaza
New York, NY 10111-0100
T 212.589.4650

jnew@bakerlaw.com
bakerlaw.com

BakerHostetler

**From:** Leone, Bill [mailto:william.leone@nortonrosefulbright.com]
**Sent:** Friday, April 29, 2016 1:28 PM
**To:** New, Jonathan B.
**Cc:** Little, Edward J.M. (edward.little@hugheshubbard.com); Weinstein, Marc A. (marc.weinstein@hugheshubbard.com); Galant, Felice; Cannon, Lista (NRFLLP); Pilgrim, Nicholas (pilgrimn@SEC.GOV) (pilgrimn@SEC.GOV); Fischer, Howard (FischerH@SEC.GOV)
**Subject:** Bruno Iksil's deposition

Jon,

Thank you for your call today and for confirming that the September dates for Bruno's deposition are confirmed. With respect to the duration issue, I haven't been able to review our discussion with Ed Little yet.  However, I am copying him on our position set forth in this email and he can weigh in as appropriate. I wanted to make sure that our position and the reasons for it are clear.

You first argued that his deposition should last 7 hours.  That is, of course, patently unreasonable in a case like this.

1. Bruno is the most important witness (and based on the depositions to date likely the only witness) the SEC will proffer on the central issues in the case. Bruno's immunity agreement with the Government puts him in a unique position.

2. Bruno's knowledge covers or touches every aspect of the case. His involvement in hundreds of conversations, and his authorship or receipt of hundreds of relevant emails, and what he knew or meant when he spoke and wrote certain words will be central to understanding his testimony. He traded hundreds of billions of dollars worth of complex Credit Default swaps over a  4 year period and was the portfolio manager of the SCP.

3. The time needed to conduct a reasonable deposition is confirmed by a review of his FCA testimony. I have studied his FCA transcript, which lasted an entire day and there were entire subjects that were never addressed. I estimate that the FCA inquired about less than 25% of the universe of relevant facts. Moreover, his testimony often relates to each co-defendant, thus requiring examination by both parties and the SEC (according to them).  His answers are often long and rambling, which is also a factor in estimating how long his deposition will take.  His availability at trial is completely outside our control as well. We have no ability to subpoena him to the trial or compel his attendance.

4. You mentioned that this is just a discovery deposition. But, it is not. Judge Daniel is permitting our clients to submit their trial testimony by deposition and has permitted us time, following Mr. Iksil's deposition, to take rebuttal testimony. Given that Mr. Iksil can be made to appear at trial by the SEC, we cannot depend on them to elicit his full testimony to which our clients will need to respond. Therefore, we will be required to fully discover his trial testimony before the close of discovery so that we can capture the necessary rebuttal testimony from the defendants. It is unreasonable to impose the same limitations on a deposition that is intrinsically linked to trial testimony as it would be for a standard discovery deposition. In this case, even a discovery deposition would require more than a day.

Given that a 7 hour limitation would be unrealistic and unfair in this case, you asked whether we could agree to 2 or at most 3 days. I appreciate the offer, but the answer to that question is also no. When we originally set aside one week for Bruno's deposition it was with the understanding that that we would use at least 4 full days, and part of a fifth and that the SEC would not be asking extensive questioning of its own witness. We estimated that we would be able to complete our examination in sufficient time to permit them the short examination typically conducted by a party that has complete control over a favorable witness as is the case between the SEC and Mr. Iksil. It appears to us that Mr. Iksil is contractually obligated to appear where and when and for as long as the SEC might wish, and that he will be available to them at their request to be prepared, questioned and rehearsed. That makes it especially important for us to be able to conduct a thorough examination of him before trial. It makes setting aside time for the SEC to conduct a formal examination less important. However, they have been adamant that they want to question him on the record and are now saying they need an entire week for their own questioning. Therefore, I can only assume that whatever time we agree to, they will insist on reserving at least half of it. Therefore, if we were to agree to even a two day deposition, we would really be agreeing to limit our examination, for two defendants, to one day, and we would be required to split that. The math is simple and it makes clear that the limitations you are requesting are unworkable.

We are not being unreasonable. This is a complex case and your client, known publicly as the London Whale, is at the very heart of it. You also indicated that the SEC offered that it would not object to shortening his deposition to 2-3 days. I will be interested to see if that remains the case when we are before the Court. It is not my practice to involve lawyers in factual disputes. But, the SEC was adamant to Judge Daniels that the depositions of the defendants would require two weeks each to adequately cover the facts and issues of the case. I cannot fathom how they could ask the defendants to sit for two weeks and consent to Mr., Iksil being deposed in two days unless it is part of a cynical effort to prevent the defendants from preparing adequately for trial. That is also a subject I will want to address with Judge Daniel on May 19.

I understand that you may wish to file a motion with the Judge. I would encourage you to reconsider. This does not seem to me to be a difficult question. No reasonable person could believe that the defendants can fairly understand and discover Mr. Iksil's story in a few hours, or even in a day or a day and a half. We tried to be reasonable in our estimate of time and did not ask the court for multiple weeks, as the SEC did for the defendants. We cannot agree to shorten Mr. Iksil's deposition without jeopardizing our client's rights.

Regards
Bill

**Bill Leone** | Partner
Norton Rose Fulbright US LLP
666 Fifth Avenue, New York, New York 10103-3198, United States
Tel +1 212 318 3324 | Fax +1 212 318 3400
william.leone@nortonrosefulbright.com

## NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

# EXHIBIT 7



Confidential Pursuant to FRCP 26(c)

SEC_0000894



Confidential Pursuant to FRCP 26(c)

SEC_0000895



Confidential Pursuant to FRCP 26(c)

SEC_0000896



Confidential Pursuant to FRCP 26(c)



Confidential Pursuant to FRCP 26(c)



Confidential Pursuant to FRCP 26(c)

SEC_0000899